CRAWFORD,' Associate Justice.
The appellant filed its amended complaint against the appellee in the circuit court below alleging that it ordered and paid for a carload of plywood of certain grade and sizes sold and delivered by the appellee. That the plywood delivered was inferior and defective in that the veneer was reversed so that the rough side was exposed, rather than the smooth side, thereby rendering the plywood worthless and causing damage to the appellant. That the defective condition did not become apparent until the plywood had been cut and manufactured into cabinets and doors and attempted to be painted.
Answer was filed by the appellee admitting the purchase transaction, denying the inferior quality. of the plywood delivered, affirmatively pleading that the plywood delivered was within the grade ordered by the appellant, that “reverse veneer” plywood was within the grade ordered and that complaint concerning the quality was not timely made in accordance with the custom of the trade.
• The appellee thereafter moved for a summary judgment in its favor. Affidavits of Jerome Cohen, the president of the appellant corporation, and William M. Dil-ley, an expert lumberman, were filed by the appellant in opposition to the motion. The motion was heard and denied by the court.
The cause was set by the court for trial by jury and brought on by the court for pre-trial conference on its own motion. A pre-trial order was entered and, in compliance therewith, each side filed a list of its several witnesses expected to be called at the trial.
The cause came on for trial before the circuit court and a jury was palled, accepted and sworn to try the case. Opening statements were made by counsel for. each side. Whereupon the appellant called in its first witness, its . president, Jerome Cohen, and commenced direct examination. *590 Midway in the examination of this witness, the court interrupted and announced, on its own motion, that it would direct the jury to return a verdict for the appellee. The court refused requests by appellant to call an expert witness to the stand, to put the rest of its case on and a request for further argument. The jury was directed to return a verdict for the appellee which was done and duly entered. By leave of the court, a written proffer of the testimony of appellant’s five expert and two lay witnesses, who were waiting to testify at the trial, was filed in the cause and made a part of the record. A motion for new trial was denied by the court and this appeal taken.
It is argued by the appellant that the trial court erred in finding that there was no material issue of fact to be tried by the jury and in not allowing it to complete the presentation of its case. With this contention we agree.
The trial court, in previously denying appellee’s motion for summary judgment, had necessarily found that there were material issues of fact to be tried by a jury. This is borne out by the record of the testimony allowed by the court. The conclusions drawn by the court from the testimony, as stated in the transcript, were immediately traversed by answers of the witness and created material issues of fact to be decided by the jury.
Section 54.17(1), Florida Statutes 1955, F.S.A., provides:
“If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent to the judge that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, the judge shall, upon motion of the defendant, direct the jury to find a verdict for the defendant”.
Here the trial court did not allow the appellant to present all its evidence or even the complete testimony of its first witness.
The order appealed from is reversed and the cause remanded for new trial.
DREW, C. J., and O’CONNELL and BARNS, JJ., concur.