168 So.2d 784 (1964)
Carl W. MAY, Appellant,
v.
ALLIED CHLORINE & CHEMICAL PRODUCTS, INC., a Florida corporation, and Atlantic Chemicals, Inc., a Florida corporation, Appellees.
No. 64-177.
District Court of Appeal of Florida. Third District.
November 10, 1964.
Rehearing Denied December 8, 1964.
Highsmith & Ezzo, Miami, for appellant.
Sherouse & Corlett, Richard M. Gale, Blackwell, Walker & Gray and James E. Tribble, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
TILLMAN PEARSON, Judge.
The plaintiff was injured when he knowingly entered a room into which chlorine gas was escaping. He sued the manufacturer of the gas and the distributor who supplied to his employer the pressurized cylinders of chlorine. The trial judge entered a summary final judgment for both defendants and the plaintiff appealed.
There was no contention that either of these defendants was responsible for the escape of the gas, but it is argued that there was a genuine issue of material fact upon a question of negligence. Plaintiff's injury *785 occurred when the gas mask provided by his employer, which he wore into the gas filled room, proved inadequate to protect him from the toxic effect of the chlorine gas. It thus affirmatively appears that the plaintiff recognized that chlorine gas was dangerous because, as previously mentioned, his injury resulted upon his voluntary return to the area with inadequate protection. Appellant contends that under the circumstances of this case, a jury could find there was a duty on each of the defendants to warn the plaintiff, as a handler of their product, that only a particular type of gas mask would be effective in a heavy concentration of chlorine gas.
It appears without conflict that the industrial chemical supplied to plaintiff's employer was regularly used in the employer's business and that it was known by the employer and employee to be dangerous. Under these circumstances, we find no theory of law upon which the manufacturer or distributor of a chemical regularly used in the business of another must inform the user's employees of the details of precautionary measures which should be taken in the event of misuse of the product.
Liability should not be imposed where the dangerous condition is known by the injured person (as in this case the toxic effects of inhaling chlorine gas) and where there was adequate warning as to that effect and where it would be unreasonable to require the supplier or manufacturer to adequately convey a warning as to every type of device or method not suitable for filtering the toxic effects of the gas before inhaling. See 2 Harper and James, Torts § 28.5 (1956).
The instant case is distinguished from the case of Tampa Drug Company v. Wait, Fla. 1958, 103 So.2d 603. The Tampa Drug case concerned a duty owed by a supplier to a member of the general public to adequately warn such user of the inherently dangerous nature of a product offered to the public. The instant case, upon the other hand, concerns a continuing use of a product by one user in the course of an industrial process in which the user must be presumed to know of the dangers growing out of the use of the product.
Affirmed.