MANN, Judge.
Ott, the defendant, charged Mrs. Floyd and her employer Hank Corsmeier with the issuance of a worthless check with intent to defraud. The information issued upon Ott’s affidavit was later nol pressed as to Mrs. Floyd by an assistant county solicitor because investigation revealed that she “was employed as a secretary and was one of several secretaries who co-signed checks as a matter of control. She was not a partner but merely an employee and she was granted no discretion in signing the checks.”
This malicious prosecution action ensued and came to trial. During the presentation of plaintiff’s case the trial judge, in conference with counsel, indicated doubt that the prosecution had terminated, and directed a verdict for the defendant. It is apparent that this resulted from the judge’s impression that the uncontroverted facts fell short of establishing termination of the prosecution in the plaintiff’s favor. This result might have been arrived at by ruling on either of two hitherto undecided questions which have not been briefed but which the court has researched in order to determine the merits of this case.
The question whether a nolle prose-qui entered by an assistant county solicitor is valid is answered in the affirmative. *164 He could not have filed an information because of Section 10 of the Declaration of Rights of the Constitution of 1885, F.S.A. See Decl. of Rights art. 1, § 15, Const, of 1968; Segars v. State, 94 Fla. 1128, 115 So. 537 (1928); State ex rel. Ricks v. Davidson, 121 Fla. 196, 163 So. 588 (1935). But there is no constitutional restriction on the subsequent handling on a prosecution, and Florida Statutes § 32.25 F.S.A. provides that the assistant acts lawfully for the solicitor. See State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 115 A. L.R. 857 (1938).
The question whether the nolle prosequi in this particular case amounts to a termination in favor of the plaintiff we leave for determination upon remand because all of the circumstances surrounding it are not in evidence. Those contemplating actions for malicious prosecution following the accusation of crime would make the point more clearly by seeking dismissal at preliminary hearing or by motion to dismiss pursuant to F.R.Cr.P. 1.190(c) (4), 33 F.S.A. But it may prove that the nolle prosequi in the present case represents a sufficient termination for purposes of an action for malicious prosecution. See Restatement, Torts, §§ 658-660; 1 Harper and James, The Law of Torts, Malicious Prosecution § 4.4.
Appellant’s brief relies solely on the proposition that the trial judge may not direct a verdict against the plaintiff prior to the presentation of all her evidence, citing Southern Wood Industries, Inc. v. Florida Carolina Lumber Company, Fla.1956, 84 So.2d 589, and Sapp v. Redding, Fla.App.1965, 178 So.2d 204. F.R.C.P. 1.-480, 30 F.S.A. seems to assume that the plaintiff is allowed to conclude his case, but it is obvious that there may be instances in which some fact which is uncon-troverted and uncontrovertible may be elicited at trial which determines the case as a matter of law. Doubtless the able trial judge who presided at the trial of this case thought this was such an instance, and in fact time was saved by the procedure followed, given the judge’s determination that as a matter of law no showing of favorable termination of the criminal proceeding was possible. In this particular case the plaintiff should have been allowed to proceed because she might be able to establish the elements of the tort. We specifically do not rule that the direction of a verdict is wrong of necessity during presentation of a party’s case. Summary judgment would have been more appropriate. See 6 Moore, Federal Practice § 56.02(10). Another acceptable procedure would have been that followed by the trial judge whose rendition of summary judgment at the start of trial was upheld in Rotberg v. Dodwell & Co., Ltd., 152 F.2d 100 (2d Cir. 1945). There the motion for summary judgment made before trial was denied without prejudice to renewal at trial. It is factually dissimilar in that no testimony had been received, but it illustrates a practical method of saving time and expense where continuation of a trial is pointless.
Reversed and remanded for further proceedings not inconsistent with this opinion.
HOBSON, Acting C. J., and McNULTY, J., concur.