296 So.2d 656 (1974)
Yilmaz M. AKDORUK and Faye H. Akdoruk T/a Akdoruk and Associates, Consulting Engineers, Appellants,
v.
ADVANCED JET SYSTEMS, INC., a Florida Corporation, and Southwind Aviation, Inc., a Florida Corporation, Appellees.
No. 74-39.
District Court of Appeal of Florida, Third District.
June 26, 1974.
*657 Friedman, Britton & Stettin, and J.T. Haley, Miami, for appellants.
Carl H. Hoffman, Miami, and W. Emory Daugherty, Jr., Miami Springs, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellants were the plaintiffs in the trial court. They brought a suit upon an alleged contract claiming that the contract was signed by one H. Dean Frederick as president of the appellee, Southwind Aviation, Inc. After answer, the cause was set for trial. At the conclusion of plaintiff's opening statement, the appellee, Southwind Aviation, Inc., moved orally for an order dismissing the complaint upon the ground that the contract which was attached to the complaint did not support the action for damages because it appeared that it was not signed by H. Dean Frederick on behalf of the corporation. The trial court granted the motion to dismiss with prejudice and this appeal followed. We reverse.
An involuntary dismissal of a complaint at trial before the presentation of evidence is not authoized by the rules. See rule 1.420(b), RCP, 30 F.S.A. The direction of a verdict upon the basis of plaintiff's opening statement has been disproved. Rule 1.480, RCP; and see, Southern Wood Industries, Inc. v. Florida Carolina Lumber Co., Fla. 1956, 84 So.2d 589; but see, Floyd v. Ott, Fla.App. 1969, 221 So.2d 163.
Appellee's motion to dismiss the complaint because the exhibits attached thereto did not support the cause of action alleged should have been made during the pleading stage in order that plaintiff might have an opportunity to amend, see rule 1.190, RCP. The objection could have been urged at the time plaintiff moved to introduce the contract into evidence. The argument that the contract did not support the cause of action could have been the basis for a motion for directed verdict at the close of plaintiff's case. When the court acted upon the basis of the oral motion, before the plaintiff had an opportunity to introduce evidence, the effect was to preclude either the amendment of the complaint or the introduction of evidence to explain the discrepancy. See 13 Fla.Jur. Evidence, § 400 and cases therein cited for the rule that parol evidence may be admitted to show the true relationship of the party to a contract.
Reversed and remanded for further proceedings consistent with the views herein expressed.