327 So.2d 826 (1976)
Arnold James WICKHAM, Appellant,
v.
BALTIMORE COPPER PAINT COMPANY, and Oliver Eeder & Sons, Appellees.
No. 75-548.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Rehearing Denied March 23, 1976.
*827 Sams, Anderson, Alper & Post, Walter C. Ward and R. Thomas Farrar, Miami, for appellant.
Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The plaintiff, who was a professional spray painter, was injured by the inhalation of fumes from a paint manufactured by the defendant. On defendant's motion for summary judgment, it appeared without issue that the plaintiff was employed by the City of Coral Gables as a painter and that he read the warning label on the product. This label contained the admonition that the user should avoid breathing the vapor or spray mist, avoid prolonged contact with the skin and that the product should be used with adequate ventilation. It further appeared without issue that appellant used a mask provided him by his employer. Two fellow employees also used masks. The plaintiff suffered ill effects during the use of the paint and mask but continued to use both. He sued both the manufacturer of the mask and the manufacturer of the paint for the personal injury he suffered from inhalation. Summary judgment was entered for the manufacturer of the paint.
On this appeal, plaintiff urges that there is a genuine issue of material fact as to the adequacy of the warning printed on the label. He relies for reversal upon the holding of the Supreme Court of Florida in Tampa Drug Company v. Wait, Fla. 1958, 103 So.2d 603.
We hold that the summary judgment was properly entered because the issue of the adequacy of the warning on the label was not a material issue. The plaintiff and his employer were warned by the label, of which they had knowledge, and proceeded to use a mask during the work. It conclusively appears from the uncontroverted evidence that the proximate cause of plaintiff's injury could not be the inadequacy of the warning, inasmuch as the injury was not the result of a failure to inform either the employer or the employee of the possibility of injury by inhalation. We have examined Edwards v. California Chemical Company, Fla.App. 1971, 245 So.2d 259, in which the District Court of Appeal, Fourth District, held that a warning failing to instruct the user of how the product could be safely used and failing to prescribe that a respirator be employed and protective clothing worn while using the product presented an issue of fact of whether the label provided fair and adequate warning. We find, however, that this holding is not applicable to the present situation where both the employer and the employee users of the commercial product were cognizant of the dangers involved. Cf. May v. Allied Chlorine & Chemical Products, Inc., Fla.App. 1964, 168 So.2d 784. Therefore, the summary judgment is affirmed.
Affirmed.