343 So.2d 84 (1977)
Dorothy J. WILFORK, Appellant,
v.
ASSOCIATED GROCERS OF FLORIDA, INC., and Travelers Insurance Company, Appellees.
No. 75-1796.
District Court of Appeal of Florida, Third District.
March 8, 1977.
*85 Mark J. Feldman, Miami, for appellant.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Appellant, plaintiff below, appeals from a final judgment, dated September 22, 1975, which granted appellees', defendants below, motion for directed verdict and from an order denying appellant's motion for new trial.
On May 7, 1974, appellant was injured in an intersectional automobile accident when the car which she was driving collided with an automobile driven by one Denise Brown.[1] The accident allegedly occurred as a result of appellee's negligence in parking its tractor trailer at one of the entrances to the intersection, thereby blocking appellant's view as to oncoming traffic.
Extensive discovery was taken by appellant and the cause proceeded to trial. After the jury had been selected, the trial judge held a "pretrial" conference with the respective attorneys in his chambers. As per the trial judge's request, appellant's counsel thereupon presented what amounted to his opening statement. At the conclusion of said remarks, the court directed a verdict for appellees. Final judgment was thereafter entered pursuant to the directed verdict and a subsequent motion for new trial was denied. This appeal follows.
It is appellant's contention that the trial judge erred in directing the verdict against her after opening statement, without allowing her to present her case before the jury. We agree.
Though, as a matter of law, it is not prima facie error to direct a verdict in favor of a defendant prior to the completion of the plaintiff's case, Floyd v. Ott, 221 So.2d 163 (Fla. 2d DCA 1969), we do not believe such practice is proper. This is especially true when the direction of the verdict is based solely upon a plaintiff's opening statement. Akdoruk v. Advanced Jet Systems, Inc., 296 So.2d 656 (Fla. 3d DCA 1974); see also Southern Wood Industries v. Florida Carolina Lumber Company, 84 So.2d 589 (Fla. 1956).
Even assuming the above procedure was proper, after reviewing the quasi-opening statement of appellant's counsel in conjunction with the deposition of appellant, we cannot say that, viewing the evidence and all inferences reasonably drawn therefrom in the light most favorable to the non-moving *86 party, Levine v. Frank, 311 So.2d 708 (Fla. 3d DCA 1975), a jury could not have reasonably found that, though appellees' tractor trailer was stationary, said vehicle was nevertheless the proximate cause of the ensuing accident. See McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969).
In light of the above, and after having considered the record, briefs and arguments of counsel, we conclude that the trial judge erred in directing a verdict in favor of appellees. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed and remanded with directions to grant appellant a trial on the merits.
Reversed and remanded with directions.
NOTES
[1] Prior to trial, appellant took a voluntary dismissal as to Ms. Brown and her insurance carrier.