353 So.2d 215 (1977)
Scott SCHURR, Appellant,
v.
ROYAL GLOBE INSURANCE COMPANY, the Travelers Indemnity Company, the Toro Company and Zaun Equipment Company, Inc., Appellees.
No. 77-32.
District Court of Appeal of Florida, Second District.
December 28, 1977.
*216 Robert C. Widman of Nelson Hesse Cyril & Weber, Sarasota, for appellant.
W. Robert Mann and David W. Miner of Mann, Fay & Price, Bradenton, for Appellees Royal Globe Ins. and Zaun Equipment Co., Inc.
Daniel A. Carlton of Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellees The Travelers Indem. Co. and The Toro Co.
PER CURIAM.
The trial court entered a directed verdict and final judgment against plaintiff/appellant and in favor of defendants/appellees. We reverse.
Appellant, Scott Schurr, filed this action for damages against appellees, The Toro Company, the manufacturer of the lawn mower; The Travelers Indemnity Company, its liability insurer; Zaun Equipment Company, the seller; and Royal Globe Insurance Company, its liability insurer.
Appellant began his case by testifying in his own behalf. He said that he had been employed as a mechanic at the Forest Lake Country Club in Sarasota but that part of his duties included the mowing of the putting greens. On the early morning of October 7, 1974 he was mowing the green on the sixth hole by using a Toro Greensmaster Number 3 riding lawn mower. This lawn mower had been purchased by his employer from Zaun Equipment Company, Inc.
Appellant testified that he stopped the forward progress of the mower in order to clear the excess grass that had accumulated in front of the cutting blades. He left the motor idling in a neutral position. He said that as he got off the mower he pushed the lift pedal which raised the mower blades up from the ground and which was designed to stop the blades. He cleaned the grass off the left and middle blades which were stopped. He then reached in to clean the right blade, but this blade was still spinning. As a result he suffered an injury to his right hand including the partial amputation of one finger.
Appellant said that he did not expect the right blade to be on. He said he did not see the blade moving, nor did he hear it spinning. He admitted that prior to the accident the blades sometimes did not stop when the lift pedal was pushed and that at other times they did stop only to start spinning again at a later time.
At the conclusion of appellant's testimony and before appellant rested his case, appellees moved for a directed verdict. The court concluded that since appellant was *217 the only eyewitness to the case, it was evident that his putting his hand into the mower blade when he knew or should have known that it was spinning constituted the sole proximate cause of the accident regardless of any defect in the mower. At this point in order to protect the record appellant's attorney proffered that if given the chance he would show that "there was no dead man's control on the machine and that the failure to have the dead man's control is a design defect" and that "there were not sufficient warnings or instructions on the machine, and that the lack of these warnings or instructions on the machine was a defect."
Appellees rely heavily on the patent-danger doctrine as expressed in Farmhand, Inc. v. Brandies, 327 So.2d 76 (Fla. 1st DCA 1976), and our recent decision in Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla. 2d DCA 1977), involving lack of proximate cause. These cases may be on point, but in the posture of this case we simply cannot tell. Appellant was out of court before he finished putting on his case. This was not an instance where the parties stipulated to specific facts which certain witnesses would say. For whatever it was worth the proffer of defective design seems inconsistent with appellant's testimony which more nearly suggests a defect in the mechanism because two of the three blades did stop when the lift button was pushed. On this record we cannot even tell whether the so-called dead man's control was the same thing as the lift mechanism.
In Carmichael v. Shelley Tractor & Equipment Co., 300 So.2d 298 (Fla. 4th DCA 1974), our sister court stated: "At trial upon the issues made by the pleadings, a party may not move for and obtain a directed verdict prior to the time that the party moved against has completed his case-in-chief. Otherwise, such party would be denied due process of law." While our court in Floyd v. Ott, 221 So.2d 163 (Fla. 2d DCA 1969), refused to categorically say that a directed verdict for the defendant may never be granted before the plaintiff has finished his case, the circumstances here did not dictate following this exceptional practice. We believe the trial judge should not have attempted to determine this close case on liability before he had a chance to hear all the testimony that appellant had to offer. See Wilfork v. Associated Grocers of Florida, Inc., 343 So.2d 84 (Fla. 3d DCA 1977).
REVERSED.
BOARDMAN, C.J., and HOBSON and GRIMES, JJ., concur.