355 So.2d 117 (1978)
Annette MATHIS, Appellant,
v.
NATIONAL LABORATORIES et al., Appellees.
INTERNATIONAL PLAYTEX CORP., Appellant,
v.
Annette Mathis et al., Appellees.
Nos. 76-1368, 76-1641, 76-1394.
District Court of Appeal of Florida, Third District.
January 17, 1978.
Rehearing Denied February 23, 1978.
Rentz, McClellan & Haggard, Miami, for Mathis.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for International Playtex.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for National Laboratories.
Before HENDRY, NATHAN and HUBBART, JJ.
PER CURIAM.
These consolidated appeals are taken from a summary final judgment rendered in favor of appellee, co-defendant below, National Laboratories and Lehn & Fink Industrial Products Division of Sterling Drug, Inc. (hereinafter referred to as National Laboratories) and against appellant, plaintiff below, Annette Mathis, on a complaint which alleged, inter alia, the negligent labeling of a commercial disinfectant detergent manufactured and produced by National Laboratories. Appellant, co-defendant below, International Playtex Corporation (hereinafter referred to as Playtex), *118 likewise appeals from that same summary final judgment.[1]
Stated as succinctly as possible, the salient facts are as follows: Ms. Mathis, a thirty-six year old black woman of limited education, was employed as a maid by Miami Central Senior High School. Her job primarily consisted of cleaning the school's lavatories and locker room area. During the course of her employment, the school furnished Ms. Mathis with a liquid cleaning product, manufactured by National Laboratories called O-SYL. While wearing new rubber gloves manufactured by Playtex, Mathis applied O-SYL to a cleaning cloth without first diluting the product. A short time later, appellant's hands began to burn and itch. Subsequently, her hands turned white, a condition medically diagnosed as hypopigmentation.
Mathis filed suit against National Laboratories alleging, inter alia, that the manufacturer's label on the outside of the container of the O-SYL was inadequate to warn her that the product was highly concentrated, containing carbolic acid, and required dilution with water. Mathis also joined in the lawsuit Playtex, alleging that it had negligently manufactured and tested its rubber gloves, resulting in the gloves being placed on the market for use by the general public in an unfit and unsafe condition.
After the complaint was answered by both defendants, cross-claim filed by Playtex against National Laboratories for indemnity and/or contribution, and extensive discovery taken, National Laboratories moved for summary judgment, relying, in great part, on this court's opinion in Wickham v. Baltimore Copper Paint Company, 327 So.2d 826 (Fla. 3d DCA 1976). Summary final judgment was entered by the trial court in favor of National Laboratories and against Mathis. From that judgment, both Mathis and Playtex have appealed.
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that summary final judgment was erroneously entered, as there were genuine issues of material fact left unresolved by the trial court. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Among the various issues still to be determined is the adequacy of the manufacturer's label on the container of O-SYL in warning a user of the potential damages associated with the product's use. Another issue that must be dealt with is whether or not the label adequately instructed users of the product to dilute the concentration according to the particular strength desired. The above issues dealing with the adequacy of a warning and instruction on a product's label are questions of fact, not law, and are properly vested with the trier of fact, in this case, the jury, and thus, determination of said issues by way of summary judgment is not proper. Tampa Drug Company v. Wait, 103 So.2d 603 (Fla. 1958); Edwards v. California Chemical Company, 245 So.2d 259 (Fla. 4th DCA 1971), cert. den. 247 So.2d 440 (Fla.).
The trial court's reliance upon our decision in Wickham v. Baltimore Copper Paint Company, supra, is misplaced, as there, "the issue of the adequacy of the warning on the label was not a material issue" in that both the injured party and his employer read and understood the warning label on the product and actually took precautions against the known danger involved with the product's use. Unlike the facts sub judice, the alleged inadequacy of the label in Wickham was not the proximate cause of the damages sustained by the injured employee.
Accordingly, the final summary judgment is hereby reversed and remanded for further proceedings.
Reversed and remanded.
NOTES
[1] A question not raised by the parties, but not overlooked by us, concerns Playtex's standing to appeal the judgment rendered in favor of its co-defendant. In that a viable appeal was filed from that judgment by Mathis, pursuant to Fla.App. Rule 3.11, we shall elect to treat the Playtex appeal as a "joinder in appeal." Cf. North Shore Hospital v. Martin, 344 So.2d 256 (Fla. 3d DCA 1977).