**John H. KROON, Plaintiff,**

v.

**BEECH AIRCRAFT CORPORATION, a foreign corporation doing business in the State of Florida, Defendant.**

No. 77-127-Orl-Civ-Y.

United States District Court,
M. D. Florida,
Orlando Division.

Feb. 27, 1979.

---

Richard L. Martens, West Palm Beach, Fla., for plaintiff.

John M. Murray, Miami, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE C. YOUNG, Chief Judge.

The plaintiff, John Kroon, filed this suit against the defendant Beech Aircraft Corporation seeking damages for the destruction of a Beech 95–C55 aircraft manufactured by the defendant. The plaintiff on July 7th, 1975, while piloting the aircraft, attempted to take off from a runway and crashed. The defendant has filed a motion for summary judgment.

If this case were before the court on a Motion for Directed Verdict, after having heard the evidence, I would have to grant it in favor of the defendant.

While motions to dismiss are not favored, it is not necessary in every case that a case go to a full blown trial. The motion for summary judgment is designed to weed out those cases where there is no disputed issues of fact and where, as a matter of law, conclusions can be reached deciding the case without the necessity of trials.

In this case, as counsel for the plaintiff concedes, the facts are at this point before the court and are undisputed. The plaintiff, for purposes of this motion, is assumed to be the owner of the airplane, although there seems to be some question from reading the deposition as to whether he or some corporation owned it, but as I say, we will assume for purposes of this motion he was the owner and entitled to recover any damages to which the defendant might be responsible. The plaintiff was an experienced pilot in excess, I believe, of eight thousand logged hours, which was less than the actual number of hours flown be-

cause after a certain number of hours the only log necessary is to maintain his license.

He was familiar with this type of aircraft. He had flown it on numerous occasions and was aware of the way the gust locks worked, aware that it locked the elevator and aileron. On his visor above his pilot seat was a checklist which was supposed to be gone over prior to each takeoff. One of the items on the checklist was to remove the gust lock which he had obviously done on each prior flying of the aircraft.

There is no question whatsoever that he was aware of the existence of the gust lock, that he was aware that it was used invariably when the plane was tied down, as it was in this case, and that he was aware of the consequences in the event the gust lock was not removed.

The facts are undisputed that he did not make a check of the aircraft, and that he did not check to see that the gust lock was removed. He so states in his deposition candidly and frankly, and without therefore checking the gust lock, he attempted to take off.

He got down the runway and the elevator wouldn't work so he couldn't take off. To his credit, he ran the plane off the runway and crashed it rather than taking a risk of crashing into some homes with consequent injury to persons and property. But the undisputed facts in this case lead to the sole conclusion that it was his failure to follow the procedures that he was required to follow which caused the accident and not any negligence in design or failure of duty to warn, or any failure on the part of the manufacturer to foresee a danger which it improperly failed to circumvent by some means.

The lawnmower case to which the plaintiff refers, that is, *Schurr v. Royal Globe Insurance Company*, Fla.App., 353 So.2d 215, was primarily, if not entirely, decided on the fact that the plaintiff was denied due process of law by the trial judge granting the directed verdict before the plaintiff had even rested its case. So, regardless of the facts, that case had to be decided as it was, that is, reversal for a new trial.

The case at bar is more nearly similar to *Kay v. Cessna Aircraft Company*, decided by the Ninth Circuit, 548 F.2d 1370, 1977, except that the case at bar is more clearly favorable to the defendant because in this case we have the surviving plaintiff who has, as I noted, frankly stated what happened, whereas in the Ninth Circuit case the pilot was killed in the crash and the action was brought by the widow. There the question was whether he checked the engine behind him which he couldn't see and which apparently stopped. He could not take off with one engine so crashed and was killed.

The manufacturer of a product cannot be liable for misuse of the product where the user is fully aware that the misuse will result in harm to him, and where such misuse is not foreseeable by a person who is aware of the results of such misuse.

To me this is like a pilot taking off with one gallon of gas in the tanks. He knows and the manufacturer knows that he may be able to take off with it; when he gets up in the air he is going to crash. There isn't much the manufacturer can do about it.

Here the manufacturer had the right to expect the pilot would not attempt to take off with the gust lock still in place any more than a manufacturer would expect experienced pilots to take off with one gallon of gas, although they do now and then.

So, I am going to grant the motion for summary judgment.[1]

---

1. This confirms the ruling made by the court from the bench at the conclusion of the hearing on the motion for summary judgment, but with the addition of the introductory paragraph.