PER CURIAM.
The plaintiff below, Mathew Shelton, seeks reversal of separate judgments predicated on directed verdicts granted at trial, at the close of the presentation of the plaintiff’s evidence, in favor of the defendant Wisconsin Motor Corporation (Wisconsin) and in favor of the defendant Kut-Kwick Corporation (Kut-Kwick). The judgment in favor of Wisconsin is affirmed. The judgment in favor of Kut-Kwick is reversed, with remand of the cause for a new trial as to that defendant.
The plaintiff, in the course of his employment by the Florida Department of Transportation, was injured while operating a heavy duty lawn mower. An eye of the plaintiff was damaged when struck by the starter rope in the course of starting the engine of the mower.
By an amended complaint the plaintiff sought damages from the defendants. The defendant Wisconsin, the manufacturer of the engine, was charged with negligence in the design and manufacture of the engine. There was no evidence of a defect in the engine. The trial court was of the view that it was not negligence as a matter of law to manufacture and sell such an engine to be started by use of a rope rather than by an electric starter. The lawn mower, with an engine in such form, was in accordance with the specifications upon which it had been purchased by the State. We have considered the contentions of the appellant and hold the court did not commit error in granting judgment in favor of the defendant Wisconsin.
The defendant Kut-Kwick was the manufacturer and seller of the lawn mower, on which said engine supplied the power. A directed verdict was granted in favor of defendant Kut-Kwick on the ground of absence of jurisdiction over Kut-Kwick, a foreign corporation. That holding of want of jurisdiction over Kut-Kwick was error, in view of the showing as to said defendant doing business in Florida, tested in the light of Electro Engineering Products Company, Inc. v. Lewis, 352 So.2d 862 (Fla.1977). No *1272 useful purpose would be served by reciting here the facts relating thereto as disclosed in the record.
That brings us to the question of whether the judgment in favor of Kut-Kwick is entitled to be affirmed on some ground other than that upon which the court granted the directed verdict, such as for a want of evidence upon which the jury could have found negligence on the part of Kut-Kwick in accord with the plaintiff’s allegation that the lawn mower, with such engine, was improperly and negligently designed so as to constitute a danger to a user. We hold the judgment is not entitled to support on that basis. This is so because as to Kut-Kwick, which had manufactured and assembled the mower with such engine, there was credible evidence from which the jury could have found that while such an engine with a rope starter would not, as such, be a dangerous instrument, because the place on the mower where Kut-Kwick had put the engine was such that the position or stance which one starting the engine thereby was required to take created a danger to such person from the rope used in starting it. Accordingly, we hold the directed verdict and judgment thereon in favor of Kut-Kwick should not have been granted.
On appeal No. 79-493 the judgment entered in favor of defendant Wisconsin is affirmed. On appeal No. 79-494 the judgment entered in favor of the defendant Kut-Kwick is reversed, and the cause is remanded for a new trial as to the defendant Kut-Kwick Corporation.