395 So.2d 1226 (1981)
Waltraud Mary Sexsmith CLARK and Richard J. Clark, Her Husband, Appellants,
v.
The BOEING COMPANY, a Foreign Corporation Doing Business in Florida and Government Products Division of Pratt and Whitney, a Subsidiary of United Technology, Inc., a Foreign Corporation Doing Business in Florida, Appellees.
No. 80-127.
District Court of Appeal of Florida, Third District.
March 24, 1981.
*1228 Ezzo, Garel & Saylor and Bruce Saylor, Miami, for appellants.
Paul & Thomson and Jon W. Zeder and Jerold I. Budney and Saturnino E. Lucio, II and Richard Ovelmen, Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Miami, for appellees.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
Appellants challenge the dismissal with prejudice of their amended complaint against the Boeing Company as aircraft manufacturer and against United Technologies, Inc. as engine manufacturer. They seek to recover damages for injuries sustained by Mrs. Clark, a flight attendant, when she opened the aft door at the captain's insistence in order to assist a passenger who arrived late. When Mrs. Clark opened the door, the engines were running and the pilot was preparing for takeoff. Mrs. Clark contends the trauma occasioned by the noise and jet fuel emission led to her contracting multiple sclerosis. Her husband seeks damages for medical costs, loss of his wife's services, companionship and affection, and for mental strain and anguish. We find no error in the trial court's dismissal of the Clarks' complaint, and we affirm.
The amended complaint charged that the Boeing Company was negligent in its design of the aircraft. According to the complaint, Boeing should have known that the B-727 rear-mounted engines were too close to the door and stairway and should have foreseen that under normal circumstances people using the door and stairway would suffer injury. The complaint contended that Boeing had a duty to install an interlocking device to prevent the door from opening while the engines were operating, and that its failure to do so constituted negligence.
In a second count, predicated upon strict liability, the amended complaint charged that Boeing sold the aircraft in an unsafe, defective condition without warnings. The amended complaint alleged, in addition, breach of express warranties as well as of implied warranties of merchantability and fitness for a particular purpose, also predicated upon the aircraft's defective design.
United Technologies, claim the Clarks, was also negligent in selling its engines without warnings or a safety system and should be held strictly liable. In addition, United is charged with liability for breach of warranties resulting from defective engine design. Neither the airline nor the captain employed during that flight were named as parties to the action.

I. Negligence.
In order to establish negligence, appellants must prove the existence of a duty to protect them, a breach of that duty, and injury sustained as a proximate cause of the breach. Blackton Building Supply Co. v. Garesche, 383 So.2d 250 (Fla.5th DCA 1980); Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla.3d DCA 1979); Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla.2d DCA 1976).
After careful examination of the allegations contained in the amended complaint, we are unable to find either the existence of a duty owed the Clarks by appellees, or the breach of a duty owed them. Appellees had no duty to warn users of obvious dangers. Brown v. General Motors Corp., 355 F.2d 814 (4th Cir.1966), cert. *1229 denied, 386 U.S. 1036, 87 S.Ct. 1474, 18 L.Ed.2d 600 (1967); Wickham v. Baltimore Copper Paint Co., 327 So.2d 826 (Fla.3d DCA), cert. denied, 339 So.2d 1173 (Fla. 1976); Reyes v. Zbin, 217 So.2d 150 (Fla.3d DCA), appeals dismissed without opinion, 225 So.2d 530 (1969); May v. Allied Chlorine & Chemical Products, Inc., 168 So.2d 784 (Fla.3d DCA 1964). Mrs. Clark was aware that opening the door would expose her to noise and fumes. She voiced her objections to the captain. Appellees had no duty to warn under these circumstances.

II. Strict Liability.
In order to establish strict liability, appellants must allege and prove the manufacturer's relationship to the product in question, the defect, the unreasonably dangerous condition of the product, and the existence of a proximate causal connection between the condition and the user's injuries or damage. The test is whether or not the product was reasonably safe for its intended use as manufactured and designed when it left the plant of the manufacturer. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976) (quoting the Restatement (Second) of Torts § 402A (1965)). The concept of strict liability does not make the manufacturer or seller an insurer. West v. Caterpillar Tractor Co., Inc., supra.
Pleadings must contain ultimate facts supporting each element of the cause of action. Woodcock v. Wilcox, 98 Fla. 14, 122 So. 789 (1929). Mere conclusions are insufficient. Maiden v. Carter, 234 So.2d 168 (Fla.1st DCA 1970). The amended complaint fails to plead ultimate facts establishing the elements of strict liability, that is, that the product was defectively designed or unreasonably unsafe for its intended use when it left the manufacturer.
It is not itself a breach of duty to supply materials which are reasonably safe and customarily used, even though the material might conceivably be made more safe, nor must the manufacturer make his product `more' safe when the danger to be avoided is obvious to all. See Evans v. General Motors Corporation, 359 F.2d 822 (7th Cir.1966); Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802 (1950).
Royal v. Black and Decker Manufacturing Co., 205 So.2d 307, 310 (Fla.3d DCA), cert. denied, 211 So.2d 214 (Fla. 1968)[1] (footnote omitted). The claim that defects in the engine or aircraft were the proximate cause of appellant's multiple sclerosis appears only as a conclusion and not through well-plead allegations.
A knowing misuse of a manufacturer's product creates no liability on the part of the manufacturer. Under that circumstance, the sole cause of the injury is the misuse of the product. Orfield v. International Harvester Co., 535 F.2d 959 (6th Cir.1976); Kroon v. Beech Aircraft, 465 F. Supp. 1223 (M.D.Fla.), aff'd, 628 F.2d 891 (5th Cir.1980). Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla.2d DCA), cert. denied, 352 So.2d 176 (Fla. 1977). Appellant, an experienced flight attendant, was well aware of the danger.

III. Breach of Warranties.
The amended complaint fails to plead a cause of action for breach of warranties, either express or implied. There is no allegation that the aircraft failed to carry its passengers safely or that noisefree engines were warranted by the manufacturer. *1230 Furthermore, the engine manufacturer, United, merely sold the engines and is not alleged to have placed them on the aircraft. No warranty exists as to the use of the aircraft in the manner attempted by Mrs. Clark; operation of the airplane during the boarding of passengers is not an alleged standard of use. Unreasonable exposure to a known and appreciated risk bars recovery in an action based upon implied warranty as well as in an action for negligence. West v. Caterpillar Tractor Co., Inc., supra.
The allegations of the amended complaint, if taken as true, are insufficient to sustain a recovery under any theory. For these reasons, we affirm the trial court's dismissal.
Affirmed.
SCHWARTZ, Judge (specially concurring).
I concur in affirmance on the sole ground[1] that the amended complaint failed to allege either that the airplane was "defective" in any way or that there was any danger concerning which a warning need be given. The plaintiffs' theory seems to be that Boeing[2] should not have placed the jet engines on the wing so close to the cabin where an occupant would be affected by their noise and fumes. It is a simple fact, however, that jet engines do, and, by their nature, must make noise and emit vapors. Neither exposing persons on the plane (any more than those on the ground who may be near the engines), nor the lack of "warning" concerning these obvious attributes even arguably creates a cognizable claim under any theory of products liability of which I am aware. See Royal v. Black and Decker Manufacturing Co., 205 So.2d 307 (Fla.3d DCA 1967),[3] cert. denied, 211 So.2d 214 (Fla. 1968); W. Prosser, Law of Torts, § 96 (4th ed. 1971) ("[T]here is certainly no usual duty to warn ... that a knife or an axe will cut, a match will take fire, dynamite will explode, or a hammer may mash a finger.")
NOTES
[1] The statement in the concurring opinion that the accuracy of the quoted passage from Royal v. Black and Decker is "obviously now in grave doubt" is subject to dispute. Evans v. General Motors Corporation was repudiated on the narrow issue of liability for injuries resulting from a "secondary collision" in an automobile accident. The broader holding of the Evancho court, that "[t]he manufacturer must use reasonable care in design and manufacture of its product to eliminate unreasonable risk of foreseeable injury", does not disturb the quoted language of Royal v. Black and Decker. The Auburn court established that obviousness of danger is a mitigating factor in defense. Neither Evancho nor Auburn eviscerates the quoted passage.
[1] In particular, I disagree with the court's treatment of the pleading requirements in a case such as this, contra, Fla.R.Civ.P. 1.110(g) ("All pleadings shall be construed so as to do substantial justice"); and with the statement, especially as applied to this case, that "[a] knowing misuse of a manufacturer's product creates no liability on the part of the manufacturer." First, it is inaccurate to characterize Ms. Clark's actions, which she was ordered to take by her superior, as involving the kind of wilful misconduct which can constitute the "sole proximate cause" of a subsequent accident. Compare, Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla.2d DCA 1977), in which the plaintiff deliberately disobeyed his employer's instructions not to approach a dangerous piece of machinery. Moreover, I believe that this expression is in conflict with the supreme court's abolition of assumption of risk in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), and of the "open and obvious danger" doctrine in Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla. 1979). In my view, Kroon v. Beech Aircraft Corp., 628 F.2d 891 (5th Cir.1980) is also in conflict with these decisions and consequently that it was wrongly decided. I therefore disagree with its citation by the majority with apparent approval. I take some comfort, however, in the likelihood that the "misuse" language is simply dictum. Since the court correctly holds that the defendants are not liable in the first instance, any discussion of the effect of the plaintiff's misuse of their product is not necessary to the result.
[2] Since the manufacturer of the engines, Pratt and Whitney, was in no way responsible for the alleged impropriety in their location on the completed plane, its non-liability is even more plain than Boeing's. Shelton v. Wisconsin Motor Corp., 382 So.2d 1270 (Fla.3d DCA 1980).
[3] The essential holding of Royal, necessitating either a product "defect," that is, an unreasonably dangerous condition, or a product characteristic which reasonably requires warning or direction in its use, remains unimpaired. It should be noted, however, that both cases cited in the statement at 205 So.2d 310 which is quoted in the court's opinion have since been repudiated by the supreme court; Evans v. General Motors Corp., 359 F.2d 822 (7th Cir.1966) in Ford Motor Co. v. Evancho, 327 So.2d 201 (Fla. 1976), and Campo v. Scofield, 301 N.Y 468, 95 N.E.2d 802 (1950) in Auburn Machine Co. v. Jones, supra. The accuracy of the discussion which precedes those citations is obviously now in grave doubt.