427 So.2d 1032 (1983)
TALQUIN ELECTRIC COOPERATIVE, INC., and Nationwide Mutual Insurance Company, Appellants,
v.
AMCHEM PRODUCTS, INC., Appellee.
No. AM-40.
District Court of Appeal of Florida, First District.
February 22, 1983.
Rehearing Denied March 30, 1983.
*1033 Edgar C. Booth and Paula L. Walborsky of Booth & Conner, P.A., Tallahassee, for appellants.
David W. Spicer of McFarlain, Bobo, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for appellee.
MILLS, Judge.
Talquin Electric appeals a summary judgment entered for third-party defendant, Amchem. We affirm.
This protracted litigation arises from the introduction of Amdon, a herbicide containing piclorum, into farmer Harry Bassett's irrigation water. See Bassett v. Talquin Electric, 362 So.2d 357 (Fla. 1st DCA 1978). The herbicide devastated Bassett's crops, resulting in a $186,000 settlement. Talquin seeks contribution or indemnification from its supplier, Amchem, the manufacturer of Amdon.
Talquin asserts that the label did not adequately warn of the dangers of Amdon and did not render the product reasonably safe by adequately instructing potential users of the product. Citing Tampa Drug Co. v. Wait, 103 So.2d 603 (Fla. 1958), and cases following it, Talquin argues that the adequacy of warning labels is a jury question not appropriate for summary judgment. The adequacy of the label is immaterial, however, when a plaintiff is in fact warned by the label. Summary judgment is appropriate where the uncontroverted evidence is that a plaintiff is aware of the danger. Wickham v. Baltimore Copper Paint Co., 327 So.2d 826 (Fla. 3d DCA 1976).
It is undisputed that each of Talquin's employees charged with handling Amdon was aware of the susceptibility of crops to Amdon and of the dangers of using Amdon around irrigation water. They simply didn't recognize Bassett's irrigation pond. There being no disputed issue of material fact, summary judgment on the adequacy of the label was appropriate and is affirmed.
Talquin also asserts that Amdon was represented as being suitable for clearing rights-of-way in rural farming communities and, in fact, was not suitable. Talquin argues that there are remaining factual issues as to the binding nature of these representations and as to the suitability of Amdon. We disagree. It is undisputed that the application of Amdon in this case was contrary to the label and to the understanding of the right-of-way crew.
Talquin's employees recognized the use that they made of Amdon was improper. They unquestionably did not rely on any representations as to Amdon's suitability. The knowing misuse of a product does not render the manufacturer liable, Clark v. Boeing, 395 So.2d 1226 (Fla. 3d DCA 1981).
Finally, Amchem labeled each of its cannisters of Amdon with a limitation of liability. No contention is made that this limitation was not conspicuous, see Monsanto v. Edenfield, 426 So.2d 574 (Fla. 1st DCA 1983) [opinion on rehearing 8 February 1983].
There is no disputed issue of material fact on Talquin's warranty claims and summary judgment was proper.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.