PER CURIAM.
This is an appeal from a final judgment entered in favor of the respondent, appellee herein, after the trial court granted his motion for directed verdict at the conclusion of the petitioner’s opening statement in a non-jury trial. We reverse upon a holding that (1) the trial court was without authority to dismiss the petitioner’s case[1] before completion of the case in chief, see Southern Wood Industries v. Florida Carolina Lumber Co., 84 So.2d 589 (Fla.1956); Henriquez v. Publix Super Markets, Inc., 434 So.2d 53 (Fla. 3d DCA 1983); Schurr v. Royal Globe Insurance Co., 353 So.2d 215 (Fla. 2d DCA 1977); Wilfork v. Associated Grocers of Florida, Inc., 343 So.2d 84 (Fla. 3d DCA 1977); Carmichael v. Shelley Tractor & Equipment Co., 300 So.2d 298 (Fla. 4th DCA 1974); Akdoruk v. Advanced Jet Systems, Inc., 296 So.2d 656 (Fla. 3d DCA 1974); Floyd v. Ott, 221 So.2d 163 (Fla. 2d DCA 1969); see also Pelle v. Diners Club, 287 So.2d 737 (Fla. 3d DCA 1974); and (2) notwithstanding that the respondent’s motion for summary judgment had been heard before trial and ruling thereon deferred and that, therefore, the trial court was authorized to grant summary judgment, here, as distinguished from Henriquez v. Publix Super Markets, Inc., 434 So.2d 53, the respondent was not entitled to a summary judgment, and the final judgment cannot thus be justified, because there existed a genuine issue of material fact as to whether the parties had entered into a common-law marriage in 1963.[2]
Reversed and remanded for further proceedings.

. Although, as will be seen infra, the motion and the ruling thereon were premature, we note in passing that the appropriate motion in a non-jury trial is a motion for involuntary dismissal. See Fla.R.Civ.P. 1.420(b).

. The petitioner’s statements that Franco promised to marry her at a time after 1963 can be read to refer to a ceremonial marriage to take place in the future, rather than, as Franco argues, a lack of mutual consent to a common-law marriage in 1963. See Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156 (1920).