550 So.2d 1142 (1989)
SHELDON GREENE AND ASSOCIATES, INC., Appellant,
v.
WILLIAMS ISLAND ASSOCIATES, Etc., et al., Appellees.
No. 88-2067.
District Court of Appeal of Florida, Third District.
August 15, 1989.
Hertzberg & Malinski, P.A., and Deborah Marks, for appellant.
Lapidus & Frankel, P.A., and Caroline M. Nitsche and Richard L. Lapidus, Miami, for appellees.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Sheldon Greene and Associates appeals from a final judgment entered on a directed verdict. We reverse and remand for a new trial.
Sheldon Greene and Associates, a real estate brokerage firm, sued Williams Island Associates for breach of contract, a brokerage commission, and quantum meruit arising from Williams Island's alleged nonpayment to Greene of a brokerage commission for locating a management company, Melia, Inc., which Williams Island engaged. The first trial ended in a mistrial. Before retrial of the action, Williams Island *1143 moved for summary judgment and to preclude certain testimony at the retrial. The trial court denied the motion for summary judgment and reserved ruling on the motion in limine. The trial court's order stated that, if Greene could demonstrate that Williams Island "willfully dropped their contract with Melia, Inc. in order to avoid the payment of a real estate commission to the Plaintiff, this court will allow the damage testimony to go to the jury. Absent such evidence, the damage testimony will not be permitted." At the outset of the retrial, after opening statements, the trial court asked Greene's counsel to proffer the evidence he would produce. Greene's counsel proffered the record of the first trial and, upon questioning by the court, admitted that he had no evidence that Williams Island terminated the Melia contract to avoid paying Greene's commission. The trial court then directed a verdict for Williams Island, released the jury, and entered final judgment for Williams Island.
The trial court erred in directing a verdict before plaintiff had presented any evidence. Fla.R.Civ.P. 1.480 (1987), provides that a party may move for a directed verdict at the close of evidence offered by the adverse party. While our decisions are not entirely consistent, we have held on several occasions that it is error to direct a verdict before a plaintiff has completed presentation of his evidence. Porro v. Franco, 448 So.2d 614, 615 (Fla. 3d DCA 1984), and cases cited therein; accord Dodge v. Weiss, 191 So.2d 71 (Fla. 1st DCA 1966); Sapp v. Redding, 178 So.2d 204 (Fla. 1st DCA 1965). But cf. Wilfork v. Associated Grocers, 343 So.2d 84, 85 (Fla. 3d DCA 1977) ("Though, as a matter of law, it is not prima facie error to direct a verdict in favor of a defendant prior to the completion of the plaintiff's case, Floyd v. Ott, 221 So.2d 163 (Fla. 2d DCA 1969), we do not believe such practice is proper. This is especially true when the direction of the verdict is based solely upon a plaintiff's opening statement." (Citations omitted.)).[1]
Reversed and remanded for a new trial.[2]
NOTES
[1] We acknowledge conflict with Floyd v. Ott. Practice under the federal directed verdict rule, Fed.R.Civ.P. 50, after which Florida's directed verdict rule was patterned, 6551 Collins Ave. Corp. v. Millen, 104 So.2d 337, 338 (Fla. 1958), permits direction of a verdict prior to the conclusion of an opposing party's case. "Both historically and under Rule 50(a), a motion for a directed verdict can properly be made ... after the opening statement of adverse counsel, if by such statement it is clear that no question for the jury exists... ." 5A J. Moore & J. Lucas, Moore's Federal Practice Para. 50.04, at 50-39 (2d ed. 1989); accord 9 C. Wright & A. Miller, Federal Practice & Procedure; Civil § 2533, at 584 (1971).
[2] This reversal is without prejudice to Williams Island's right to renew its motion for summary judgment. It may be, as Greene asserts, that he is entitled to compensation at least on a quantum meruit basis although we do not reach that issue. It would then be incumbent upon Green to offer to the trial court an appropriate damage theory.