[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2005
THOMAS K. KAHN
CLERK

No. 04-15860
Non-Argument Calendar

_____

D.C. Docket No. 02-80704-CV-CMA

RODRICK CARTER,
a.k.a. Harold Toney,

                                                    Plaintiff-Appellant,

        versus

FRITO-LAY, INC.,
NABISCO, INC.,
WISE FOODS, INC.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 11, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

        Appellant is an inmate in the Florida prison system.  He appeals the

judgment the district court entered in favor of Frito Lay, Inc., a Delaware

corporation; Nabisco, Inc., a New Jersey corporation; and Wise Foods, Inc., a Delaware corporation (collectively "the defendants") because his complaint failed to state a claim for relief. The complaint, originally filed in Florida circuit court, alleges that the defendants were negligent and strictly liable for appellant's injuries, which occurred as a result of his consumption of their products. Specifically, the complaint alleges that he became ill with acquired immunodeficiency syndrome ("AIDS") in 1997; that he had consumed the defendants' products since 1993; that he began experiencing "sicknesses of the type usually or commonly attributable to infectious conditions . . . while consuming food products . . . containing bacteria protease" that the defendants manufactured.

After the defendants removed the case to the district court, appellant moved the court to remand it to the state court. The court denied his motion, and thereafter granted the motions to dismiss now before us. Appellant's brief presents two issues. We address them in turn.

## I.

Appellant contends that the defendants' notice of removal was untimely; thus, the district court erred in denying his motion to remand. The notice of removal was untimely, he says, because it was filed more than 30 days after the

defendants received the original summons and more than one year after the action commenced.

According to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Regarding the 30-day provision cited in the first paragraph, the Supreme Court has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999).

As for the one-year limitation provision cited in the second paragraph, courts have held that it only applies to cases that were not removable to federal court originally filed.  The Eighth Circuit has noted that "the real question . . . is whether the last clause of the second paragraph of § 1446(b) modifies only the second paragraph, or applies more broadly to both paragraphs of the provision," and has held that "rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period modifies only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed."  Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d  871, 873 (8th Cir. 2002); see also Badon v. R J R Nabisco, Inc., 224 F.3d 382, 389 (5th Cir. 2000); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 535 (6th Cir. 1999).

To decide whether the one-year provision in the second paragraph of § 1446(b) applies here, we must first determine whether appellant's case was removable when it was filed.  As stated in 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among

the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998).

The defendants filed their notice of removal less than 30 days after receiving service of the complaint. Hence, they complied with the first paragraph of § 1446(b). The complaint alleges damages in excess of $75,000 and is brought against citizens of different states. See Schacht, 524 U.S. at 388, 118 S.Ct. at 2052. Thus, the district court had original jurisdiction over the case, and it was removable when it was filed. See 28 U.S.C. §§ 1332(a)(1), 1446(b). For this reason, the one-year limitation of the second paragraph of § 1446(b) is inapplicable.

## II.

Appellant contends that the court erred in dismissing his complaint pursuant to Fed. R. Civ. P. 12(b)(6) because (1) the complaint contained factual, scientific, and medical support for his allegations, and (2) the district court interpretation of the factual allegations were clearly erroneous. In reviewing a motion to dismiss, we need only to "accept well-pleaded facts and reasonable inferences drawn from those facts. Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotations omitted). "[u]nsupported conclusions of law or of mixed fact and law [do] not to

prevent a Rule 12(b)(6) dismissal." Id. (quotation and alteration omitted). In a diversity action, the district court applies the law of the forum in which the court sits. LaTorre v. Conn. Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir. 1994). Because this case was filed in Florida, we apply Florida law to analyze appellant's strict liability and negligence claims.

## A.

To establish strict liability under Florida law, appellant was required to allege the following: (1) "the manufacturer's relationship to the product in question," (2) "the defect," (3) "the unreasonably dangerous condition of the product," and (4) "the existence of a proximate causal connection between the condition and the user's injuries or damage." Clark v. Boeing Co., 395 So.2d 1226, 1229 (Fla. 3d DCA 1981). As for what constitutes "unreasonably dangerous," one court has noted that "something which is inherently dangerous must be so imminently dangerous in kind as to imperil the life or limb of any person who uses it." Seitz v. Zac Smith & Co., Inc., 500 So.2d 706, 710 (Fla. 1st DCA 1987).

The complaint alleges that the defendants' products were "unreasonably dangerous," because the products contained "protease," but does not present a factual basis for this allegation. That is, the complaint presents no information

6

beyond the allegation that "protease" actually is dangerous, or that appellant's consumption of "protease" caused harm. No facts are alleged to support appellant's contention that "protease" actually was used in the defendants' products. In fine, appellant's unsupported conclusions are insufficient to preclude a Rule 12(b)(6) dismissal.

## B.

In Florida, "[i]n order to establish negligence, [the plaintiffs] must prove the existence of a duty to protect them, a breach of that duty, and injury sustained as a proximate cause of the breach." Clark, 395 So.2d at 1228.

In his complaint, appellant, who suffers from AIDS, attempted to show causation by alleging that he began experiencing "sicknesses of the type usually or commonly attributable to infectious conditions . . . while consuming food products . . . containing bacteria protease" that were manufactured by the defendants. He presents no factual basis, however, to support his claim that his illness was the result of his consumption of the defendants' products, rather than a result of the AIDS virus itself.

We find no basis for setting aside the district court's judgment.

**AFFIRMED.**