# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1647
Lower Tribunal No. 09-11137
_____

**Deutsche Bank National Trust Company, etc.,**
Appellant,

vs.

**Altos Del Mar (7701 Collins Ave) LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jon I. Gordon, Senior Judge.

K & L Gates, William P. McCaughan, Karen P. Finesilver and Freddi R. Mack, for appellant.

Isaac M. Jaroslawicz and Shoshana Kraus; Jacqulyn Mack (Englewood), for appellee Altos del Mar (7701 Collins Ave) LLC.

Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Deutsche Bank National Trust Company appeals an order of involuntary dismissal entered against Deutsche Bank and a final judgment entered in favor of Altos Del Mar (7701 Collins Ave), LLC.

Deutsche Bank contends that that the involuntary dismissal must be reversed because the trial court erroneously, and in violation of Florida Rule of Civil Procedure 1.420(b), granted the dismissal before Deutsche Bank was permitted to present, and complete the presentation of, its case. Following our *de novo* review, Wells v. Sacks, 180 So. 3d 1233 (Fla. 3d DCA 2015), we agree.

The parties appeared for trial and, before Deutsche Bank began its formal presentation of evidence, the trial court asked Deutsche Bank's counsel for a proffer of the evidence it intended to present. At the conclusion of that proffer, the trial court entered an order of involuntary dismissal and entered final judgment in favor of appellees.

Florida Rule of Civil Procedure 1.420(b) provides:

> After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted.

The trial court committed error when it entered an involuntary dismissal before giving Deutsche Bank the opportunity to present its case-in-chief. See Deutsche Bank Nat'l Trust Co. v. Santiago, 117 So. 3d 1146 (Fla. 3d DCA 2013) (reversing and remanding for new trial, holding trial court violated rule 1.420(b) when it entered an involuntary dismissal of the foreclosure action before plaintiff rested its case); Porro v. Franco, 448 So. 2d 614, 615 (Fla. 3d DCA 1984) (holding "trial court was without authority to dismiss the petitioner's case before completion of the case in chief"); Wachovia Mort., FSB v. Montes, 156 So. 3d 1105, 1106 (Fla. 4th DCA 2015) (holding that "in a bench trial, an involuntary dismissal is appropriate where the plaintiff fails to establish a prima facie case. By definition therefore, Florida courts have held on numerous occasions that, pursuant to rule 1.420(b), a trial court may not order an involuntary dismissal of a case before a plaintiff rests its case.") (Internal citations omitted.)

We reject appellees' contention that the opportunity to make a complete proffer prior to entering the involuntary dismissal satisfied due process concerns and compels affirmance. We have previously rejected such an argument. See A.N. v. M.F.-A, 946 So. 2d 58 (Fla. 3d DCA 2003) (holding trial court erred in dismissing case based upon a proffer of testimony by attorneys because it denied petitioners the opportunity to complete their case-in-chief and thus, denied them due process); Sheldon Greene & Assoc., Inc. v. Williams Island Assoc., 550 So. 2d

3

1142 (Fla. 3d DCA 1989) (holding it was error to direct a verdict before the plaintiff completed presentation of its evidence even where the court allowed plaintiff to proffer the evidence it would have introduced). We discern no basis to reconsider those decisions or to distinguish their application to the facts of the instant case.

Accordingly, we hold that the trial court erred in granting the voluntary dismissal without first allowing Deutsche Bank to present its case-in-chief, and reverse the final judgment and the order of involuntary dismissal. We do not reach the other issues raised on appeal.

Reversed and remanded for a new trial.