383 So.2d 250 (1980)
BLACKTON BUILDING SUPPLY CO., INC., etc., Appellant,
v.
Winston L. GARESCHE et Ux., Appellees.
No. 78-1740/T4-178.
District Court of Appeal of Florida, Fifth District.
April 2, 1980.
Rehearing Denied May 13, 1980.
*251 Ronald A. Cyril, of Nelson, Hesse, Cyril, Weber & Smith, Sarasota, for appellant.
F. Hartselle Baker, Orlando, for appellees.
ORFINGER, Judge.
This is an appeal from a final judgment awarding damages to appellees consequent upon a jury verdict in their favor. The appellant is a distributor of a product known as Tex-Cote, a product applied as an exterior coating to homes and other structures. The appellees were consumers to whose residence the product was applied by a contractor who purchased the product from the appellant.[1]
Appellees had filed suit against the manufacturer of the product, the contractor who applied it and the appellant, who was the retailer or distributor. The first count alleged breach of express warranty against all three defendants; the second count was based on the alleged fraud and misrepresentation of all three defendants in the brochures advertising the product, and the third count was based on negligence of the contractor in applying the product in a manner contrary to instructions and of the appellant distributor in selling the product to the contractor when it had reason to believe that he would not follow instructions. Although guaranteed by the manufacturer not to crack or peel, the product as applied did crack and peel and the appellees sought damages to cover the cost of removal and refinishing. There was no issue as to the validity or integrity of the manufacturer's guarantee and the evidence showed its willingness to correct the problem. The appellees, however, wanted the product removed from their building.
The jury returned a special verdict in which it found that neither the manufacturer nor the appellant distributor was guilty of any fraud or misrepresentation and that neither the manufacturer nor the appellant distributor was guilty of any breach of express warranty. The special verdict found the contractor guilty on all three counts, and it also found the appellant negligent. Damages of $2500 were assessed against the distributor and the contractor. The contractor has not appealed, but the distributor appeals the judgment, claiming that the evidence is completely devoid of any evidence showing a breach of any duty owed by it to the appellees. We agree and reverse.
The verdict of the jury makes it clear that the product was safe and non-defective and was not misrepresented by either the manufacturer or the distributor. Before a defendant can be held liable for damages for negligence, it is fundamental that the plaintiff must establish the existence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains, the failure of the defendant to perform that duty and injury or damage to plaintiff proximately caused by such failure. Lake Park Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976); 23 Fla.Jur. Negligence, Sec. 10; Restatement of Torts 2d, Sec. 430. Appellee *252 cites us to no authority which imposes on a retailer or distributor of a safe non-defective product the duty to oversee its use by a third party over whose actions the distributor has no control. There is no evidence of an agency relationship between the seller and the applicator of the product with whom the appellees contracted for the work. The jury had a right to find, as it did, that the applicator was negligent in applying the product, but there was no evidence before it on which it could hold the appellant liable for the applicator's negligence, nor any evidence of any breach by appellant of a duty owed to appellee.
The trial judge was in error in not granting appellant's motion for a directed verdict on the negligence count, so the judgment entered against appellant is vacated and set aside, and this cause is reversed with directions to enter judgment for the appellant.
REVERSED.
CROSS and SHARP, JJ., concur.
NOTES
[1] This is the second appearance of this case before an appellate court. The first case is reported as Garesche v. Textured Coatings of America, Inc., 352 So.2d 1207 (Fla. 4th DCA 1977). There the court reversed a directed verdict for all defendants, holding there to be sufficient evidence of misrepresentation of the product to make a prima facie case. The jury has now dispelled the claim of misrepresentation by the verdict sub judice.