Willie ELLISON and Mary Ellison, Plaintiffs,

v.

NORTHWEST ENGINEERING COMPANY, Defendant.

No. 81–263–Civ.–JLK.

United States District Court, S. D. Florida.

Aug. 13, 1981.

Ira J. Kurzban, Miami, Fla., for plaintiffs.

Edward R. Nicklaus, Miami, Fla., for defendant.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO STRIKE

JAMES LAWRENCE KING, District Judge.

This cause arose on the plaintiffs' motion to strike the defendant's affirmative defenses. This is a product liability action by a workman, Willie Ellison, and his wife, Mary Ellison, to recover for injuries the husband received when his hand and arm were mangled in a dragline machine manufactured by the defendant. The defendant manufactured the machine in 1957, and the product allegedly has changed owners at least once since its original delivery. The plaintiffs are Florida citizens and the defendant is a Delaware corporation with its principal place of business in Wisconsin. Damages claimed are well in excess of $10,-000.00. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a)(1) (1976). The injury occurred in Florida; this Court is bound to follow Florida substantive law. 28 U.S.C. § 1652 (1976); *Erie Ry. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938).

The complaint alleges causes of action for negligence, breach of warranty, and strict liability. The defendant raises nine affirmative defenses, which the plaintiff has moved to strike. The Court will consider the defenses *seriatum*.

The first affirmative defense presents a threshold question in the case. The defendant asserts that the claims are barred by Florida's twelve-year statute of limitations, section 95.031(2), Florida Statutes, which provides:

Actions for product liability . . . must be begun within the period prescribed within 12 years after the date of delivery of the completed product to its original purchaser. . . .

If the statute applies in this case, it would clearly bar the action, which was begun 23 years after the product was delivered to its original purchaser. In their motion to strike, the plaintiffs argue that the statute of limitations does not apply in this case because it violates Article I, section 21, of the Florida Constitution. This Court agrees and grants the motion to strike that defense.

Article I, Section 21, of the Florida Constitution provides:

The Courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.

The Supreme Court of Florida has held that under certain circumstances, the twelve-year statute of limitations violates Florida's constitutional guaranty of access to the courts.

In *Overland Construction Co. v. Sirmons*, 369 So.2d 572 (Fla.1979), the supreme court declared 95.11(3)(c), Florida Statutes (1975) invalid. The statute purported to bar a suit for injuries from improvements to real property not commenced within twelve years after completion of the improvements which produced the injury. In *Overland Construction*, the plaintiff was injured in a building during the course of his employment fourteen years after the building's construction had been completed. The supreme court held that by abolishing the plaintiff's cause of action before his injury even occurred, the statute impermissibly denied that plaintiff his right of access to the courts, which was guaranteed by the Florida Constitution.

The Supreme Court of Florida has applied the *Overland Construction* doctrine to invalidate the very statute under consideration in this case. In *Batilla v. Allis Chalmers Mfg. Co.*, 392 So.2d 874 (Fla.1981), the Court held that, as applied to a "product liability action . . . [,] section 95.031 denies access to courts under article I, section 21, Florida Constitution." *Id.* In *Diamond v. Squibb and Sons, Inc.*, 397 So.2d 671 (Fla. 1981), the Court held that section 95.031(2) was invalid to bar a "negligence and product liability" action by a young woman whose mother had taken the company's diethystilbestrol product during pregnancy. The mother and daughter learned, twenty years after the pregnancy, that teenaged girls whose mothers had been treated with the drug were developing cancerous or precancerous conditions. The plaintiffs obviously could not have brought the action within twelve years of the product's original delivery.

The application of the statute in this action appears to be controlled by *Batilla* and *Diamond*. As those cases did not expressly discuss the particular elements of products liability, however, this Court will consider the specific elements asserted in this case.

■ In the instant case, the plaintiff's injury occurred long after the twelve year limitation period had run. To determine whether the statute is valid in a given case, the supreme court established that a court must decide "whether the legislature, without providing any reasonable alternative, has abolished a statutory or common law right of action protected by article I, section 21 . . . ." 369 So.2d at 573. The line of decisions by the supreme court holds that if the statute abolishes such a right, it is unconstitutional as applied to the case. *Overland Construction, id.; see also Kluger v. White*, 281 So.2d 1, 4 (Fla.1973).

■ The first question, therefore, is whether the plaintiff is asserting a right protected by article I, section 21, of the Florida Constitution. The relevant inquiry in this case is whether a right of action for negligence, warranty, and strict liability existed in 1968 when the "access to courts" provision was re-adopted. It is clear that Florida recognized a manufacturer's duty under negligence and warranty theories at that time, and so those actions are within the constitutional guaranty. *See, e. g., Tampa Drug Co. v. Wait,* 103 So.2d 603 (Fla.1958) (negligence) and *Berstein v. Lily-Tulip Cup Corp.,* 177 So.2d 362, 364 (Fla.3d DCA 1965) (warranty). *See also* § 672.2–318, Fla.Stat.Ann. (West Supp. 1981), 1967 Fla. Laws ch. 67–574, § 1, effective September 1, 1967.

■ It is apparent that Florida also recognized a right of action in strict liability when the guaranty was re-adopted in 1968. In *West v. Caterpillar Tractor Co.,* 336 So.2d 80 (Fla.1976), the Supreme Court of Florida formally adopted the Restatement (Second) § 402A position on strict tort liability. In adopting the Restatement, the Court noted that it was not recognizing strict liability for the first time:

> We believe that the prior decisions of this Court are in conformity with the principles set forth in the Restatement (Second) of Torts § 402A .... Such a recognition by the Court is no great new departure from present law and, in most instances, accomplishes a change of nomenclature.

*West,* 336 So.2d at 86. An action in strict liability may have existed in Florida as early as 1956, *see Matthews v. Lawnlite Co.,* 88 So.2d 299, 300 (Fla.1956), bringing the right within the protection of article I, section 21, of the Florida Constitution.

■ The second part of the supreme court's test is whether the protected right would be abolished if the limitation is applied in a given case. As noted before, the alleged injury in this case occurred twenty-three years after the machine's delivery. To apply the twelve-year limitation would abolish the right by removing the ability to sue before the injury occurred. *See Diamond, Batilla,* and *Overland Construction.* Therefore, applying the analysis set forth by the Supreme Court of Florida, this Court holds that the twelve-year statute of limitations, section 95.031, Florida Statutes (Supp. 1980), violates article I, section 21, of the Florida Constitution as applied to the facts of this case. The affirmative defense asserting that statute as a bar to the action is hereby stricken.

■ The defendant asserts, as further defenses, the following: (1) the plaintiff was totally or contributorily negligent (i. e. partially responsible); (b) the plaintiff mishandled or abused the machine; and (c) the plaintiff did not follow proper instructions or procedures. For purposes of the plaintiffs' motion to strike, this Court will treat the defenses as asserting the plaintiff's failure to use due care. It is clear that in Florida, under all three theories pleaded, a plaintiff's contributory negligence would bar recovery according to the plaintiff's share of the fault.

In *West v. Caterpillar Tractor Co., supra,* the supreme court held:

> The fact that plaintiff acts or fails to act as a reasonable prudent person, and such conduct proximately contributes to his injury, constitutes a valid defense. In other words, lack of ordinary due care could constitute a defense to strict tort liability.

336 So.2d at 90. The Court noted that to hold otherwise would undercut the principle of comparative negligence which it had recently embraced, citing *Powers v. Hunt-Wesson Foods, Inc.,* 64 Wis.2d 532, 219 N.W.2d 393 (1974).

Under the above rule, therefore, the defenses asserted are proper and the motion to strike them is denied.

■ The defendant further asserts that it cannot, as a matter of law, be liable to "third party purchasers of a machine which is over twenty-three (23) years old." That defense, sounding the common law privity requirement, is inadequate in an action for negligence and strict tort liability. As to the implied warranty claim, the man-

ufacturer's duty under the Florida U.C.C. would extend to a purchaser and the purchaser's employee if use by an employee is reasonably expected, in actions covered by section 672.2–318, Fla.Stat.Ann. (West Supp. 1981). But the Florida U.C.C. does not apply to the instant case. Section 680.-10–101(2), Fla.Stat.Ann. (West Supp. 1981) provides that the Florida U.C.C. applies to transactions entered into after January 1, 1967. Cases in other jurisdictions applying the modern U.C.C. privity rules notwithstanding that the underlying transactions occurred prior to the effective date of the U.C.C. are based on explicit statutory coverage of "injuries" occurring *after* the effective date of the statute. *See, e. g., Hoffman v. Howmedica, Inc.*, 373 Mass. 32, 364 N.E.2d 1215, 1217 (1977). The defendant asserts and the plaintiffs do not dispute that the transaction in which the defendant delivered the machine in this case was entered into in 1957. Consequently, the Florida U.C.C. abrogation of the privity requirement does not apply, and the plaintiffs' claim for breach of implied warranty is barred for lack of privity. The defense is stricken only insofar as it relates to the negligence and strict liability claims.

The defendant further asserts that the injury was caused by a third party over whom the defendant had no control, or by an intervening and unforeseeable cause. This Court, finding no legal bar to these defenses, holds that they should not be stricken at the pleading stage. The plaintiffs' motion to strike them is hereby denied.

The defendant also asserts, as a defense, that the injury was caused by a fellow servant, thereby barring the defendant's liability. The plaintiffs have moved to strike on the ground that the defense is only available, if at all, in an action by an employee against his employer. Although the Florida law on the doctrine is unclear, this Court holds that the essence of the defense—that there was an intervening cause—is sufficiently pleaded in other defenses that this defense should be stricken. The motion to strike is therefore granted.

Finally, in its affirmative defenses, the defendant argues that the plaintiffs' claim for punitive damages should be stricken because no intentional *tort* is alleged. The plaintiff argues that this point is improperly pleaded because it should have been raised in a motion to strike, and should therefore be stricken. Regardless of its mode of presentation, the "defense" is inappropriate. Under Florida substantive law, there is authority for the proposition that even in negligence actions, a plaintiff should be able to proceed to try to prove such wantonness as might support punitive damages. Therefore, the motion to strike this "defense" is granted and it is hereby stricken.

The foregoing was DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida, this 13th day of August, 1981.