Ragnar CARLSON and Mercedes Carlson, etc., Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., etc., et al., Defendants.

No. 87–0291–CIV.

United States District Court, S.D. Florida, Miami Division.

Oct. 22, 1987.

---

David Lipman, Steve Ruud, Lipman & Weisberg, Miami, Fla., for plaintiffs.

Roger Welcher, Welcher & Clark, Miami, Fla., for United States Mineral.

## ORDER ON UNITED STATES MINERAL PRODUCTS CO.'S MOTIONS TO DISMISS, STRIKE, AND FOR A MORE DEFINITE STATEMENT

HOEVELER, District Judge.

THIS CAUSE is before the court on the motions of Defendant United States Mineral Products Co. ("U.S. Mineral") to dismiss the complaint; strike punitive damages claims; and for a more definite statement.

### Background

Plaintiff Ragnar Carlson (hereinafter "Carlson") was employed for twenty-nine years, between 1947 and 1976, as a painter. In April 1986, he was diagnosed as having pleural disease. Mr. Carlson asserts that he contracted the disease from exposure to asbestos and inhalation of asbestos fibers during his employment as a painter. He and his wife, plaintiff Mercedes Carlson, bring this lawsuit against numerous defendants who they allege mined, manufactured, or distributed the asbestos-containing products to which Mr. Carlson was exposed. Their complaint states claims for (I) negligence; (II) strict liability; (III) breach of warranty; (IV) and (V) civil conspiracy; and (VI) loss of consortium. Plaintiffs seek compensatory and punitive damages, and demand a jury trial.

Defendant U.S. Mineral moves to dismiss the complaint for lack of personal jurisdiction, insufficiency of process, and failure to state a claim under counts I–V. U.S. Mineral also moves for a more definite statement as to the dates of plaintiff's exposure to its products and as to plaintiff's allegations of conspiracy. Finally, U.S. Mineral moves to strike all claims for punitive damages. Having considered the motions, and being otherwise fully advised in the premises, the court gives its disposition as follows.

### Motion to Dismiss

#### 1. Jurisdiction

■ U.S. Mineral asserts that the complaint fails properly to state the basis of the court's in personam jurisdiction over U.S. Mineral, and that it also fails to allege any "connexity" between plaintiff's injuries and this defendant's products and activities in Florida. The court disagrees.

Plaintiffs invoked the court's diversity jurisdiction, which obliges the court to apply Florida substantive law and federal procedural law. 28 U.S.C. § 1332; *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Under the "notice pleading" requirements of the Federal Rules of Civil Procedure, a plaintiff must give a "short and plain statement" of the court's jurisdiction and of the pleader's claims. Fed.R.Civ.P. 8(a). When a motion to dismiss under Rule 12(b)(2) is determined on the basis of the pleadings alone, the party asserting jurisdiction must make only a prima facie showing. *See, e.g., Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *rehearing and rehearing en banc denied*, 691 F.2d 502 (1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); 2A *Moore's Federal Practice* ¶ 12.07[2.–2] (2d ed. 1985). The allegations of the complaint, except as controverted by defendant's affidavits, are presumed to be true. *Brown*, 688 F.2d at 332; *Bracewell v. Nicholson Air Services*, 748 F.2d 1499, 1504 (11th Cir.1984).

Determining whether a diversity court has *in personam* jurisdiction over a non-resident defendant involves a two-part inquiry, first into the applicable state statute, and then into the requirements of federal due process. *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1521 (11th Cir.1985). Plaintiffs have adequately stated the grounds for the court's jurisdiction over U.S. Mineral, a foreign corporation, in compliance with Florida's long arm statute. Fla.Stat.Ann. § 48.193 (West Supp.1987). *See Oriental Imports & Exports v. Maduro & Curiel's Bank*, 701 F.2d 889, 890 (11th Cir.1983). They have alleged that all named defendants have transacted substantial revenue-producing business in the state of Florida since 1942, complaint ¶ 24, which means that they are "engaged in substantial and not isolated

activity" within the state. Fla.Stat. §§ 48.-181, 48.193(2). Plaintiffs need not do more at this stage. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (motion to dismiss may be granted only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim). In the absence of affidavits controverting plaintiffs' jurisdictional claims, those claims are taken as true. *Bracewell*, 748 F.2d at 1504.

U.S. Mineral maintains that "connexity," or a connection between plaintiffs' claim and a foreign corporation's activities within a state, is a further jurisdictional requirement that plaintiffs have failed to plead. Plaintiffs are correct in noting, however, that "connexity" is no longer required by virtue of an amendment to the Florida long-arm statute effective April 25, 1984. *See Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968, 970 (11th Cir. 1986); *American Motors Corp. v. Abrahantes*, 474 So.2d 271, 273 (Fla. 3d Dist.Ct. App.1985). The amendment makes a defendant "who is engaged in substantial and not isolated activity" within the state subject to the jurisdiction of Florida's courts *"whether or not the claim arises from that activity."* Fla.Stat. § 48.193(2) (emphasis supplied). The amendment applies in this case because the claim accrued when plaintiff's pleural disease was diagnosed in April 1986 (Complaint ¶ 3), which was after the amendment's effective date. *See Polskie*, 795 F.2d at 970; *Wildenberg v. Eagle–Picher Industries, Inc.*, 645 F.Supp. 29, 30–31 (products liability cause of action accrues when injury is discovered or should have been discovered).

U.S. Mineral also argues that because the complaint fails to allege dates necessary to determine which long-arm statute applies in this case, the "doing business" and "connexity" requirements are not met, and therefore long-arm service of process was insufficient in this case. The court has noted that the date of diagnosis in this case is the date when the claim accrued, and this fact is sufficiently pled. Thus, Florida's long-arm statute applied for purposes of service of process, and defendant's argument that process was insufficient because the applicable long-arm statute is unknown fails.

▆ Turning to the constitutional aspect of the jurisdictional inquiry, the court must find that the complaint alleges such minimum contacts with Florida that plaintiffs' suit against U.S. Mineral does not offend "traditional notions of fair play and substantial justice." *Pesaplastic*, 750 F.2d at 1522 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). The court believes that plaintiffs have met the burden. They have alleged both continuous and systematic activities by U.S. Mineral in Florida (Complaint ¶ 20) and a relationship between the cause of action on the one hand and the nature and quality of defendant's activities on the other hand. Complaint ¶¶ 1, 26. *See Pesaplastic*, 750 F.2d at 1516. Accordingly, the court finds that plaintiffs have established their prima facie case for personal jurisdiction over U.S. Mineral. *See Bracewell*, 748 F.2d at 1504. This ruling does not, of course, relieve plaintiffs of the burden of ultimately proving, by a preponderance of the evidence, that personal jurisdiction exists. 2A *Moore's Federal Practice*, ¶ 12.07 (2.–2) at 12–57 (2d ed. 1985); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir.1981).

### 2. *Negligence*

▆ Defendant moves to dismiss plaintiffs' negligence cause of action for failure to state a claim, in that plaintiffs have not alleged any duty owed by U.S. Mineral to these particular plaintiffs. Specifically, defendant urges that plaintiffs have not alleged that they *used* a product manufactured by defendant, as required by Florida law. *See Vecta Contract, Inc. v. Lynch*, 444 So.2d 1093 (Fla. 4th Dist.Ct.App.1984), *review denied*, 453 So.2d 44 (Fla 1984); *Matthews v. GSP Corp.*, 368 So.2d 391 (Fla. 1st Dist.Ct.App.1979). The Court finds that plaintiffs have alleged that plaintiff Ragnar Carlson "was exposed to asbestos-containing products mined, manufactured or distributed by Defendants...." Complaint para. 26. The Court finds that

this allegation of exposure is sufficient to establish a duty on the part of defendant, since at this stage of the proceedings plaintiffs are not required to specify the defendants' products, nor the times or places in which he was exposed to those products. *See, e.g., Rubley v. Keene Corp.*, 480 So.2d 675, 676 (Fla. 1st Dist.Ct.App.1985); *Copeland v. Celotex*, 447 So.2d 908, 915 (Fla. 3rd Dist.Ct.App.1984), *rev'd on other grounds*, 471 So.2d 533 (Fla.1985) (plaintiff not required on opposing motion for summary judgment to plead specificity of time and place).

■ The defendant also urges that it had no duty to warn plaintiff of the dangers of its product since it did know of the dangers at the time the product was sold. *See Borel v. Fibreboard Paper Products Corp.*, 493 F.2d 1076 (5th Cir.1973), *cert. denied* 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974). Plaintiffs have alleged that the defendant knew or should have known that the use of its products was hazardous to the health of workers such as the plaintiff. Complaint, ¶ 30. The court finds this allegation sufficient to impose a duty to warn plaintiffs of the hazards of using defendant's product. *Tampa Drug Co. v. Wait*, 103 So.2d 603, 607 (Fla.1958). Accordingly, defendant's motion to dismiss Count I is denied.

### 3. *Strict Liability*

■ Defendant argues that plaintiffs fail to state a claim because they allege a failure to warn, not a defective product. Plaintiffs state quite plainly that defendant manufactured products containing asbestos, to which Mr. Carlson was exposed; that these products were unreasonably dangerous; and that plaintiff used these products in the intended manner and without significant change in their condition. The test in Florida for strict liability is whether or not the product was reasonably safe for its intended use when it left the manufacturer. *Clark Technology, Inc. v. Boeing Co.*, 395 So.2d 1226, 1229 (Fla. 3rd Dist.Ct.App.1981). The Court therefore finds that plaintiff has stated facts sufficient to support a cause of action for strict

liability, and accordingly defendant's motion to dismiss Count II is denied.

### 4. *Breach of Implied Warranty*

■ At the outset, the court notes a lack of conclusive authority on the question of whether there continues a common law action of breach of implied warranty in Florida since the supreme court's adoption of strict liability. *West v. Caterpillar Tractor Co.*, 336 So.2d 80 (Fla.1976). The United States Court of Appeals for the Eleventh Circuit has recently certified this question to the Florida Supreme Court. *Kramer v. Piper Aircraft Corp.*, 801 F.2d 1279 (11th Cir.1986). As it appears the Florida Supreme Court has yet to issue an opinion on the matter, this court reserves judgment on the issue of common law breach of implied warranty until such time as the law in Florida is clarified by the Florida Supreme Court.

The question remaining before the court is whether plaintiff has alleged sufficient facts to support a claim for breach of implied warranty under Florida's Uniform Commercial Code. Florida Statute § 672.314 states that "[u]nless excluded or modified (s. 672.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Florida Statute § 672.318 provides that:

[a] seller's warranty whether express or implied extends to any natural person who is a guest in his home or who is an employee, servant or agent of his buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude nor limit the operation of this section.

The action for breach of implied warranty exists only in contract and requires privity between plaintiff and defendant. *Affiliates for Evaluation Therapy, Inc. v. Viasyn Corp.*, 500 So.2d 688, 692 (Fla.Dist.Ct. App.1987). The clear language of § 672.318 provides that the implied warranty extends to a buyer's employee. The

court finds that a fair reading of the complaint indicates that plaintiffs alleged that defendant sold its product to plaintiff or to his employer, or to others with the knowledge that individuals such as the plaintiff would be exposed to them. Complaint ¶ 39. The Court finds this allegation, if proved, sufficient to establish that plaintiff is a warranty beneficiary of the implied warranty between the defendant and plaintiff's employer. *See Ellison v. North West Engineering Co.*, 521 F.Supp. 199, 202–203 (S.D.Fla.1981); *McCarthy v. Florida Ladder Company*, 295 So.2d 707, 709 (Fla. 2d Dist.Ct.App.1974). Therefore, defendant's motion to dismiss the complaint for breach of implied warranty is denied.

■ The defendant also urges that plaintiffs have failed to give defendant notice of the alleged breach within a reasonable time after discovery as required by Florida Statute § 672.607(3)(a). The notice requirement does not, under Florida law, extend to persons such as plaintiff who are not "buyers" of the product in question, but are rather warranty beneficiaries under Florida Statute § 672.318. *Taylor v. American Honda Motor Co.*, 555 F.Supp. 59 (M.D.Fla.1982). Therefore, the Court finds that plaintiff was not bound under Florida statute § 672.607(3)(a), and his failure to give notice does not support a motion to dismiss.

For the foregoing reasons, defendant's motion to dismiss Count III is denied.

### 5. *Civil Conspiracy*

■ Counts IV and V of the complaint allege a conspiracy to fraud. Count IV alleges fraudulent concealment of medical and scientific data as to the purported danger of asbestos products. Count V refers to fraudulent concealment of employee medical records.

The basis of a civil conspiracy action is not the conspiracy itself but the civil wrong which is done through the conspiracy resulting in injury to the plaintiff. *See, e.g., Buckner v. Lower Florida Keys Hospital District*, 403 So.2d 1025 (Fla. 3d Dist.Ct. App.1981), *review denied*, 412 So.2d 463 (Fla.1982). Thus in order to state a cause of action for civil conspiracy, plaintiff must state claims for relief for fraud in Counts IV and V of the complaint.

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It is necessary to plead fraudulent conspiracy with sufficient particularity to inform the multiple defendants of the facts forming the basis of the conspiracy. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir.1984). The complaint has not stated the circumstances constituting the civil conspiracy with particularity.

The plaintiffs argue that an action for civil conspiracy in Florida exists if the basis for the conspiracy is an independent wrong or that which would constitute a cause of action if the wrong was done by one person. *American Diversified Insurance Services, Inc. v. Union Fidelity Life Insurance Co.*, 439 So.2d 904, 906 (Fla. 2d Dist.Ct.App.1983), *citing Regan v. Davis*, 97 So.2d 324 (Fla.Dist.Ct.App.1957). In the present case, plaintiff did not allege the independent cause of action for fraud with sufficient specificity to satisfy Rule 9(b). Nowhere in the complaint is there mention of any particular act in furtherance of a conspiracy. The conspiracy claims are vague, general, and conclusory. No persons were identified whose medical information was withheld or who withheld information or records.

Plaintiffs also fail to state an independent cause of action for the tort of civil conspiracy. "This tort is actionable where a plaintiff can show some particular power of coercion possessed by the conspirators by virtue of their combination, which power an individual could not possess." *Buckner*, 403 So.2d at 1029. Furthermore, the plaintiff has failed to allege any unjustified interference with a business relationship or any "economic boycott" which is necessary to maintain an action. *See, American Diversified Ins.*, 439 So.2d at 906. "Outside of this and related or similar fields, instances of conspiracy which is in itself an independent tort are rare and should be added with caution." *Liappas v. Augoustis*, 47 So.2d 582, 583 (Fla.1950).

Accordingly, defendant's motions to dismiss Counts IV and V are granted. Plaintiffs will have twenty days to amend their complaint to plead fraud with more particularity and specificity.

## MOTIONS TO STRIKE

### 1. *Civil Conspiracy*

Defendant's motion to strike language in counts IV and V of the complaint is denied as moot pursuant to the Court's granting defendant's motion to dismiss those counts.

### 2. *Increased Risk of Cancer*

Defendant seeks to strike all language in reference to recovery based on the Plaintiff's increased risk of cancer and future harm and expenses as a result. *Eagle–Picher Industries, Inc. v. Cox*, 481 So.2d 517 (Fla. 3d Dist.Ct.App.1985), *reh'g denied*, 492 So.2d 1331 (Fla.1986). Plaintiffs have, however, alleged damages for present mental distress caused by the fear of getting cancer in the future. Such a claim is allowed under *Eagle–Picher. Id.* at 529. Accordingly, defendant's motion to strike language regarding the increased risk of cancer is denied.

### 3. *Punitive Damages*

Defendant has moved to strike punitive damages from the complaint, and all language relating to claims for punitive damages. Plaintiffs have pled that the Defendant was aware of the dangers of asbestos but continued to use it. By alleging that defendant willfully pursued a course of action in disregard of potential harm likely to result as a consequence of that action, plaintiff has made a sufficient allegation to support a claim for punitive damages. *Johns–Manville Sales Corp. v. Janssens*, 463 So.2d 242, 247 (Fla. 1st Dist.Ct.App. 1984); *White Construction Co., Inc. v. DuPont*, 455 So.2d 1026 (Fla.1984). "Under Florida substantive law, there is authority for the proposition that even in negligence actions, a plaintiff should be able to proceed to try to prove such wantonness as might support punitive damges." *Ellison v. Northwest Engineering Co.*, 521 F.Supp. 199 (S.D.Fla.1981). Accordingly, defendant's motion to strike plaintiffs' claim for punitive damages is denied.

### 4. *Punitive Damages for Loss of Consortium*

Defendant moves to strike claims for punitive damages for loss of consortium. The court concludes that punitive damages are inappropriate in a claim for loss of consortium and disallowed by Florida precedent. *Moran v. Stephens*, 265 So.2d 379 (Fla. 4th Dist.Ct.App.1972). *See also* 41 Am Jur 2d DAMAGES § 455; 22 Am Jur 2d HUSBAND AND WIFE § 255. Therefore, defendant's motion to strike plaintiffs' claim for punitive damages for loss of consortium is GRANTED and those claims are stricken.

### 5. *Punitive Damages Based on Joint and Several Liability*

Defendant moves to strike any claim by plaintiffs for punitive damages based on joint and several liability. Joint and several liability for punitive damages is not allowed under Florida law. *See Lehman v. Spencer Ladd's, Inc.*, 182 So.2d 402 (Fla. 1965). Therefore, defendant's motion to strike plaintiffs' claims for punitive damages based on joint and several liability is GRANTED and those claims are stricken.

## MOTION FOR A MORE DEFINITE STATEMENT

The defendant has argued that it is necessary, under Fed.R.Civ.P. 12(e), that there be a more definite statement as to when plaintiff became aware of the asbestosis. In paragraph 3 of the complaint, it is alleged that the plaintiff was diagnosed on or about April, 1986. Futhermore, the defendant's concerns about more definte pleadings with regard to Counts IV and V are moot in light of the Court's granting defendant's motion to dismiss. Accordingly, defendant's motion for a more definite statement is denied.

Accordingly, and for the foregoing reasons, it is

ORDERED AND ADJUDGED that defendant's motions to dismiss Counts I, II,

and III of the complaint are DENIED; defendant's motion for a more definite statement is DENIED; defendant's motion to dismiss Counts IV and V are GRANTED; defendant's motions to strike punitive damages and all language relating to punitive damages is DENIED; defendant's motions to strike punitive damages for loss of consortium and for joint and several liability are GRANTED. Plaintiffs shall have twenty days from the entry of this order in which to amend their complaint.