John **BOSCARINO** and Jennifer Boscarino, Plaintiffs,

v.

**CONVENIENCE MARINE PRODUCTS, INC.,** Defendant.

No. 91–8472–CIV.

United States District Court, S.D. Florida.

March 16, 1993.

James M. Tuthill, Christiansen, Jacknin & Tuthill, West Palm Beach, FL, for plaintiffs.

Mark R. Houck, Keller, Houck & Shinkle, P.A., Miami, FL, for defendant.

**ORDER**

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' Motion for Summary Judgment on Plaintiffs' Claim for Strict Liability in Tort and Breach of Implied Warranty.

This is an action brought by a marine mechanic against the manufacturer of a fire extinguisher for injuries allegedly caused by the extinguisher. The complaint against the manufacturer, Convenience Marine Products, Inc., consists of three counts. Count I is an action for negligence, Count II is based on a theory of strict liability, and Count III seeks damages for breach of implied warranty. The defendant's motion seeks the entry of summary judgment in its favor as to Counts II (strict liability) and III (breach of implied warranty) of the plaintiffs' complaint. The motion has been fully briefed and is now ripe for ruling.

### I. Facts

On May 21, 1991, while cleaning the premises of Your Place or Mine, Inc., a firm engaged in the business of marine repair, the

plaintiff, John Boscarino, discovered a Model 35CG Fireboy Automatic Extinguisher among certain used marine parts and other rubbish. The extinguisher had been removed from the engine room of "HAZY DAYS", a vessel owned by one Devon Grandis, who is not a party to this case. The extinguisher had a broken electrical system, and Mr. Boscarino decided that it was useless and should be discarded.

However, Mr. Boscarino and another marine mechanic, Francis Ferris, believed that disposal of the charged extinguisher might create a hazard, so they decided to manually discharge the extinguisher before throwing it away. To do so, Mr. Ferris mounted the extinguisher to the interior wall of the warehouse occupied by Your Place or Mine, Inc. Then, using a pair of needle-nosed pliers, he attempted to manually discharge the extinguisher by removing two springs from the sprinkler head portion on the top of the cylinder. Nothing happened. A few minutes later, Mr. Ferris placed the extinguisher in the trash container.

Almost immediately after it was placed in the trash can, the extinguisher flew out of the can, over Mr. Ferris's shoulder, and struck Mr. Boscarino in the head. It then bounced off of two walls and flew out the door. It eventually landed underneath a truck.

## II. Discussion

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party and it is a stringent one. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), and any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, *Ad-*

*ickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### A. Strict Liability

The defendant argues that it is entitled to summary judgment on the strict liability claim because strict liability does not apply to injuries that occur during the dismantling and disposal of a product. In support of this contention, they cite *High v. Westinghouse Electric Corp.*, et al., 610 So.2d 1259 (Fla. 1992). In that case, the plaintiff was a truck driver who transported used electrical transformers to a scrap metal salvage business. He sued Westinghouse, the manufacturer of the transformers, for injuries caused by his exposure to PCB's while loading and unloading the junk transformers.

In *High*, the Supreme Court of Florida stated that Florida adopted the principles of strict liability in tort under section 402A of the Restatement (Second) of Torts. *High* at 1262–1263. After acknowledging that section 402A applies only to intended uses of products for which they were produced, the Court proceeded to hold that the dismantling of a product is not an intended use as prescribed by section 402A. *Id.* Accordingly, the Court affirmed the trial court's entry of summary judgment on the issue of strict liability. *Id.*

In their response, the plaintiffs argue that the "intended use" of a product includes any use reasonably foreseeable to the manufacturer, and whether the plaintiffs' use of a product was reasonably foreseeable raises a question of fact for the jury. They correctly cite *Kalik v. Allis–Chalmers Corp.*, 658 F.Supp. 631 (W.D.Pa.1987), for this proposition. However, this same case, as well as others considering the issue, held as a matter of law that the dismantling of a product is not a reasonably foreseeable use. *Kalik* at 635; *See also, Wingette v. Teledyne Industries, Inc.*, 479 N.E.2d 51, 56 (Ind.1985) (overruled on other grounds by *Douglass v. Irvin*, 549 N.E.2d 368 (Ind.1990)); *Johnson v. Murph Metals*, 562 F.Supp. 246, 249 (N.D.Tex.1983).

The plaintiffs contend that these cases are distinguishable, because they involve the dismantling of an item for purposes of commer-

cial gain. They argue that this case is different, because the plaintiffs were merely attempting to dispose of a product safely, and proper disposal of a product is a foreseeable use. However, the opinions themselves do not suggest that these decisions would be affected by a lack of prospective commercial gain. They clearly find that the dismantling of a product is not an intended use which gives rise to a strict liability claim. This Court agrees. Consequently, the Court will grant the defendant's motion for summary judgment on the plaintiffs' strict liability claim.

### B. *Breach of Implied Warranty*

The defendant argues that it is entitled to summary judgment on the claim for breach of implied warranty, because such a claim cannot be brought in the absence of privity between the user and the manufacturer. *Kramer v. Piper Aircraft Corporation,* 520 So.2d 37 (Fla.1988). The plaintiffs concede that an action for breach of implied warranty does not lie where there is no privity of contract. They also concede that plaintiff John Boscarino was not a purchaser of the extinguisher. Nevertheless, they bring to the Court's attention the case of *Carlson v. Armstrong World Industries, Inc.,* 693 F.Supp. 1073 (S.D.Fla.1987), which held that an employee of the purchaser could maintain an action for breach of implied warranty. They argue that John Boscarino, whose company was hired by the purchaser to replace the fire extinguisher, may similarly be allowed to maintain this action.

However, the Court in *Carlson* specifically reserved judgment on the issue of common law breach of implied warranty pending clarification by the Supreme Court of Florida in *Kramer, supra. Carlson* at 1077. Instead, the *Carlson* Court decided that the plaintiff could maintain his action pursuant to Fla.Stat. § 672.314, which extends the seller's warranty to "any natural person who is a guest in his home or who is an employee, servant or agent of his buyer if it is reasonable to expect that such person may use, consume or be affected by the goods." In the instant case, the plaintiff, John Boscarino, falls outside of this description. Conse-

quently, the Court will also grant the defendant's motion for summary judgment on the claim for breach of implied warranty.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that the defendant's Motion for Summary Judgment on Plaintiffs' Claim for Strict Liability in Tort and Breach of Implied Warranty is **GRANTED.** Final summary judgment is hereby entered in favor of the defendant as to Counts II and III of the plaintiffs' complaint.

**DONE AND ORDERED.**