Nina **WEISS, and Geoffrey Weiss, her husband, Allen Loveall, Rosealie Visalli and Joseph Visalli, her husband, Plaintiffs,**

v.

**PPG INDUSTRIES, INC., a foreign corporation, Defendant.**

**No. 92–745–CIV–T 17A.**

United States District Court, M.D. Florida, Tampa Division.

April 13, 1993.

---

David B. Kesler, Paul W. Hitchens, Law Office of Paul W. Hitchens, C. Bryant Boydstun, Jr., Boydstun, Dabroski & Lyle, P.A., St. Petersburg, FL, for plaintiffs.

Joseph M. Loughren, Loughren & Doyle, P.A., Ft. Lauderdale, FL, for defendant.

## ORDER ON MOTION TO STRIKE/DISMISS THE CORRECTED AMENDED COMPLAINT, TO STRIKE MOTION TO DISMISS, AND TO FILE CORRECTED AMENDED COMPLAINT

KOVACHEVICH, District Judge.

This order is before the Court on Defendant's motion to strike and/or dismiss the corrected amended complaint; Plaintiffs' motion to strike Defendant's motion to strike and/or dismiss; and Plaintiffs' motion for leave to file a corrected amended complaint.

On September 17, 1992, this Court dismissed without prejudice the following

Counts of Plaintiff's complaint: II, VII, and XII, claiming implied warranty of fitness for a particular purpose; Counts III, VIII, and XIII, claiming strict liability; Counts IV, IX, and XIV, claiming negligence; and Counts V, X, and XV, claiming violations of Florida's Hazardous Substance Law. The order was silent regarding leave to file an amended complaint. Plaintiffs filed an amended complaint on October 9, 1992, followed by a corrected amended complaint on October 19, 1992.

Defendant answered the original complaint on October 21, 1992 as modified by the Court's order dismissing Counts II, III, IV, V, VII, VIII, IX, X, XII, XIII, XIV, and XV. On November 5, 1992, Defendant additionally moved to strike and/or dismiss the corrected amended complaint, on the grounds that Plaintiff did not obtain leave of Court to file the corrected amended complaint, and that the corrected amended complaint fails to state causes of action for breaches of an implied warranty of fitness for a particular purpose, strict liability, and negligence.

On January 6, 1993, Plaintiffs filed a motion to strike Defendant's motion to strike and/or dismiss the corrected amended complaint, and a motion to file a corrected amended complaint. The Court will first discuss Defendant's motion to strike and its contention that Plaintiffs were required to obtain leave of court prior to filing a corrected amended complaint together with Plaintiffs' motions to strike Defendant's motion and for leave to file a corrected amended complaint. Since the Court grants Plaintiffs' motion to file a corrected amended complaint, it will consider Defendant's motion to dismiss the corrected amended complaint separately.

Grant of Leave to File a Corrected Amended Complaint

Rule 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served," Fed.R.Civ.P. 15(a). In addition, a motion is not considered a responsive pleading for the purposes of Rule 15(a). *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir.1983); *Driscoll v. Smith Barney, Harris, Upham & Co.*, 815 F.2d 655, 659

(11th Cir.1987). However, where a district judge dismisses a portion of a complaint, without mention of the plaintiff's right to file an amended complaint, the plaintiff is bound to obtain leave of court to file an amended pleading. *Russo v. Sofia Bros.*, 2 F.R.D. 80 (S.D.N.Y.1941). In addition, the Eleventh Circuit has held that a plaintiff does not have a right to amend as a matter of course once a complaint has been dismissed. *Czeremcha, v. International Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 724 F.2d 1552 (1984). Therefore, Plaintiffs' right to file "once as a matter of course," terminated upon the Court's order dismissing the Counts enumerated above, and Plaintiffs are required to obtain leave of Court in order to file an amended complaint.

However, Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires," Fed.R.Civ.P. 15(a). In addition the Supreme Court has stated that "[i]n the absence [of] ... undue delay, bad faith or dilatory motive ..., or repeated failure to cure deficiencies ... [on the part of the movant]; undue prejudice to the opposing party ...; [or] futility of amendment, etc.— the leave sought should ... be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Since Plaintiffs' motion for leave to file a corrected amended complaint requires the Court to grant leave retrospectively, the Court will consider whether leave would have been granted at the time the corrected amended complaint was filed.

Defendant declares that leave should not be given because it acts as an untimely response to Defendant's motion to strike and/or dismiss Plaintiff's Corrected Amended Complaint. Local Rule 3.01(b) requires that the legal memorandum in opposition to a motion be filed within ten days after the opposing party has been served with the motion. Plaintiffs did not file any *memorandum of law* in opposition to Defendant's motion, but rather filed a motion to strike Defendant's motion sixty two days after Defendant filed its motion. Fed.R.Civ.P. 12(f) provides that a court "may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scan-

dalous matter." A motion is not a pleading, and thus a motion to strike a *motion* is not proper under 12(f). Therefore the Court denies Plaintiffs' motion to strike.

In addition, Plaintiffs filed a motion for leave to file a corrected amended complaint. This motion similarly is not governed by Local Rule 3.01(b) since it is not a legal memorandum in opposition to a motion. Therefore the motion is not "untimely" because it failed to comport with Rule 3.01(b). Furthermore, in considering undue delay for the purposes granting leave to amend, the Court must also consider the time period in which Plaintiffs filed their corrected amended complaint.

■ Plaintiffs filed an amended complaint twenty-two days after this Court entered its order dismissing the above enumerated Counts, followed by a corrected amended complaint ten days later. Defendant did not file an answer until October 21, 1992, after both amended complaints had been filed. Although Defendant points out that neither the amended complaint nor the corrected amended complaint contains a certificate of service, Defendant does not claim that it did not receive the amended pleadings, nor that it received the amended pleadings substantially later than the filing dates. The Court does not consider thirty two days to be "undue delay" which requires the Court to deny leave to amend.

It is evident from the Court's order dismissing the above listed Counts, that Plaintiff could easily amend the complaint to correct the deficiencies of the dismissed claims. In addition, since three counts of the original complaint were allowed to stand, it is likely that the Court would have granted leave to amend rather than requiring Plaintiffs to refile the dismissed claims in a separate action. Furthermore, since the claims were those originally filed, and not new claims, the substance of the amended claims is of no surprise to Defendant. Therefore Defendant cannot claim prejudice by the filing of Plaintiffs' corrected amended complaint.

■ In their corrected amended complaint, Plaintiffs add an additional party plaintiff, Geoffrey Weiss. Rule 20 states that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action," Fed.R.Civ.P. 20.

Plaintiff Geoffrey Weiss requests relief for the loss of consortium of his wife, Plaintiff Nina Weiss. Loss of consortium is an injury which arises from another claim; it is not a cause of action in itself. Because Nina Weiss alleges her injuries were caused by the negligence of the Defendant, Geoffrey Weiss' request for relief due to loss of consortium arises out of the same occurrence as that of Nina Weiss and the other Plaintiffs, and also gives rise to the same questions of law and fact. The addition of Geoffrey Weiss as a party plaintiff merely changes the amount of damages alleged; it does not alter the basis for liability in the complaint. Therefore the addition of Geoffrey Weiss as a party plaintiff does not unduly prejudice Defendant.

Finally, this is the first time Plaintiffs have attempted to correct the claims previously dismissed by the Court; thus "repeated failure to cure deficiencies" is not at issue here. Since the Court would likely have granted leave to amend at the time the corrected amended complaint was filed and because the Court finds no undue delay, bad faith, or dilatory motive on the part of Plaintiffs, nor prejudice to Defendant, the Court grants Plaintiffs' motion for leave to file and denies Defendant's motion to strike the corrected amended complaint. In addition, the Court *sua sponte* grants leave to Plaintiffs to file their amended complaint. The Court now turns to the merits of the corrected amended complaint, and Defendant's motion to dismiss for failure to state a cause of action for implied warranty of fitness for a particular purpose, strict liability, and negligence.

### Implied Warranty of Fitness for a Particular Purpose

The Court should not dismiss a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In addition, the Court must construe

the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1947).

Defendant claims that Counts II, VII, and XI fail to state a claim for breach of an implied warranty of fitness for a particular purpose. Florida Statutes, section 672.315 (1991) states that:

> [w]here the seller at the time of contracting has reason to know any *particular* purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is ... an implied warranty that the goods shall be fit for such purpose.

Florida courts have determined that in order to state a cause of action for an implied warranty of fitness for a "particular" purpose requires a plaintiff to allege the "particular" purpose for which the goods were warranted as opposed to "ordinary use" under a warranty of merchantability. See *McLeod v. W.S. Merrell Co.*, 174 So.2d 736, 738–39 (Fla. 1965); *Fred's Excavating & Crane Service, Inc. v. Continental Insurance Co.*, 340 So.2d 1220 (Fla. 4 DCA 1976).

Although Plaintiffs Nina Weiss, Allen Loveall, and Rosealie Visalli have alleged in Counts II, VII, and XI that they relied upon the skill and judgement of Defendant, they have failed to allege the particular purpose for which the "CR–39(R) monomer" was warranted. For this reason, the corrected amended complaint fails to state a cause of action for breach of an implied warranty of fitness for a particular purpose. Therefore Counts II, VII, and XI of the corrected amended complaint are dismissed for failure to state a claim upon which relief can be granted.

### Strict Liability—Denial of Dismissal

[6] Defendant claims that Counts III, VIII, and XII of the corrected amended complaint fails to state a cause of action for strict liability. In Florida, a plaintiff must allege the following in order to state a cause of action for strict liability: that the defendant manufactured the product, that the product was unreasonably dangerous when it left the manufacturer, that the plaintiff used the product in its intended manner, and that the defective product proximately caused the plaintiff's injuries. *Clark v. Boeing Co.*, 395 So.2d 1226, 1229 (Fla. 3d DCA 1981); *Carlson v. Armstrong World Industries, Inc.*, 693 F.Supp. 1073 (S.D.Fla.1987) (citing *Clark*).

Plaintiffs Nina Weiss, Allen Loveall, and Rosealie Visalli allege that Defendant manufactured the product in question, a "CR–39(R) monomer." Above Plaintiffs additionally allege that the product was defectively "design[ed], manufactur[ed], and label[ed]," and thus the product was unreasonably dangerous. Plaintiffs allege that they "used the chemicals in the intended manner following the instructions and directions provided by Defendant." Plaintiffs further allege that the defective product proximately caused "severe injuries to [their] bod[ies] and extremities." Finally Plaintiffs allege that neither "Plaintiffs [nor] Silor Optical [C]ompany, [their employer], alter[ed] or disturb[ed] said chemicals upon receipt of same until the said chemical exposure and reaction."

Construing the above allegations in the light most favorable to Plaintiffs, Plaintiffs have sufficiently alleged the elements for a cause of action for strict liability; therefore the Court denies Defendant's motion to dismiss Counts III, VIII, and XII for failure to state a claim for strict liability.

### Negligence—Denial of Dismissal

Defendant claims that Counts IV, IX, and XIII of the corrected amended complaint fails to state a claim for negligence. To establish an action for negligence, a plaintiff must allege that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the plaintiff sustained injury as a proximate cause of the breach. *Clark v. Boeing Co.*, 395 So.2d 1226 (Fla. 3d DCA 1981) (citing *Blackton Building Supply Co. v. Garesche*, 383 So.2d 250 (Fla. 5th DCA 1980); *Welsh v. Metropolitan Dade County*, 366 So.2d 518 (Fla. 3d DCA 1979); *Lake Parker Mall, Inc. v. Carson*, 327 So.2d 121 (Fla. 2d DCA 1976)).

Plaintiffs Nina Weiss, Allen Loveall, and Rosealie Visalli allege that Defendant owed them "a duty to safely design, manufacture and distribute the CR–39(R) monomer," and further "to provide adequate instruction and labeling concerning the use, storage, clean-up and handling of the product." Above Plain-

tiffs additionally allege that Defendant "was negligent in the manufacture, design, distribution, advertising, promotion, and marketing of the chemical," and that above Plaintiffs were not "sufficiently warned by any statements . . . on the label of the container as to the inherent dangers in the use of the chemical or the proper storage of the dangerous chemical." Finally, above Plaintiffs allege that as a direct and proximate cause of Defendant's breach of duty, they suffered injuries.

Construing the above allegation in the light most favorable to Plaintiffs, Plaintiffs have sufficiently alleged the elements of a negligence action. Therefore the Court denies Defendant's motion to dismiss Counts IV, IX, and XIII for failure to state a cause of action for negligence. Accordingly, it is so

**ORDERED** that Plaintiffs' motion to strike Defendant's motion to strike the corrected amended complaint be **denied**; that Plaintiffs' motion for leave to file a corrected amended complaint be **granted,** and that leave to file an amended complaint be **granted**; that Defendant's motion to strike the corrected amended complaint be **denied**; that Defendant's motion to dismiss the corrected amended complaint for failure to state a claim be **granted** as to Counts II, VII, and XI without prejudice and with leave to amend within ten days of this order, and **denied** as to Counts III, IV, VIII, IX, XII, and XIII.

**DONE AND ORDERED.**